HERBERT WEISS AND ESTATE OF ROBERTA WEISS, DECEASED, HERBERT WEISS, PERSONAL REPRESENTATIVE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 25537-86.     Filed April 23, 1987.

*Michael I. Saltzman* and *Barbara T. Kaplan,* for the petitioners.
*Sharon Katz-Pearlman,* for the respondent.

OPINION

WILLIAMS, *Judge* * By notice of deficiency dated April 9, 1986, the Commissioner determined a deficiency of $10,972 in petitioners' Federal income tax for their 1982 taxable year. The deficiency was based entirely on adjustments resulting from a disallowance of petitioners' distributive

---

*By order of the Chief Judge, petitioners' motion for award of litigation costs was assigned to Judge Williams for disposition.

share of loss from Transpac Drilling Venture 1982-14, a limited partnership formed after September 3, 1982, and as to which the partnership audit and litigation provisions set out in subchapter C of chapter 63 of subtitle F of the Code, section 6221 et seq. apply.[1] Petitioners timely filed their petition on July 7, 1986.

On November 3, 1986, respondent, without objection from petitioners, filed a motion to dismiss for lack of jurisdiction based on respondent's failure to comply with the partnership audit provisions. This Court granted respondent's motion and dismissed the case on November 14, 1986. On January 9, 1987, petitioners filed a motion requesting this Court to award litigation costs pursuant to section 7430 and Rules 230 through 233.[2] We vacated our order of dismissal to consider petitioners' motion. The issue we must decide is whether this Court may award litigation costs pursuant to section 7430[3] after it determines that a case should be dismissed for lack of jurisdiction.[4]

The facts are not in dispute. Petitioner Herbert Weiss resided at New York, New York, when the petition in this case was filed. Herbert and Roberta Weiss timely filed a joint Federal income tax return for 1982. Roberta Weiss is now deceased.

In 1982, Herbert and Roberta became a limited partner[5] in Transpac Drilling Venture · 1982-14 (Transpac). Their distributive share of loss from Transpac for 1982 was $42,837, which they reported on their 1982 income tax return. Transpac is a partnership to which the partnership

---

[1] All section references are to the Internal Revenue Code of 1986. We note that the taxable year in issue in this case is 1982, and that the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, made certain amendments to the partnership audit and litigation provisions. See sec. 1503(c)(1) (amending Code sec. 6222(d)); sec. 1875(d)(1) (adding Code sec. 6229(g)); sec. 1875(d)(2)(A) (amending Code sec. 6230(a)). With the exception of sec. 1503(c)(1), which is not relevant to this case, however, the amendments are effective retroactively as if included in the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 572.

[2] All Rule references are to the Tax Court Rules of Practice and Procedure.

[3] Sec. 7430, as enacted by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, applies to amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985. Congress amended sec. 7430, I.R.C. 1954, to conform it more closely to the provisions of the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1982).

[4] Petitioners filed their motion for an award of litigation costs on Jan. 9, 1987. Respondent has not yet been given an opportunity to respond to that motion. We, therefore, reserve judgment on whether petitioners qualify for an award of litigation costs and, if so, on the proper amount of the award, until respondent has had an opportunity to respond.

[5] Pursuant to sec. 6231(a)(12), a husband and wife who jointly own a partnership interest are treated as one person for purposes of the partnership audit and litigation provisions.

audit and litigation provisions of the Code, section 6621 et seq., apply, and the losses suffered in 1982 are partnership items within the meaning of section 6231(a)(3). Respondent has not issued a notice of final partnership administrative adjustment for 1982 to Transpac. See sec. 6223(a)(2). Respondent's notice of deficiency determines a deficiency attributable to a partnership item and an affected item. This Court lacks jurisdiction in a partner's individual tax case to determine any portion of a deficiency attributable to either a partnership item or an affected item. *Maxwell v. Commissioner*, 87 T.C. 783 (1986). We, therefore, determined that this case should be dismissed for lack of jurisdiction.

Petitioners claim that although their case should be dismissed for lack of jurisdiction and cannot be adjudicated on the merits, they have satisfied the conditions of section 7430 and are entitled to an award of litigation costs. We do not determine whether petitioners are prevailing parties[6] or have satisfied the many other conditions precedent to an award under section 7430(a). See sec. 7430(b).

The threshold issue that we must now decide is whether we may award litigation costs pursuant to section 7430 after we determine that a case should be dismissed for lack of jurisdiction. Until we dismiss a case for lack of jurisdiction, we have jurisdiction over it. The filing of a petition in this Court subsequent to the issuance of a statutory notice of deficiency gives us jurisdiction over the case. *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); Rule 20(a); sec.

---

[6]While petitioners have satisfied the first two elements of the definition of "prevailing party" there is the unresolved factual issue of their net worth pursuant to sec. 7430(c)(2)(A)(iii). Sec. 7430(c)(2) provides in pertinent part as follows:

SEC. 7430(c). DEFINITIONS.—FOR PURPOSES OF THIS SECTION—

\* \* \* \* \* \* \*

(2) PREVAILING PARTY.—

(A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was not substantially justified,

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section).

6213(a); cf. *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1003 (1978).

It is axiomatic that a case properly commenced is a civil proceeding. That a case terminates by reason of dismissal for lack of jurisdiction does not nullify the proceeding or void the petition. Sec. 7459(c). Indeed, the order of dismissal in this case will have binding legal effect by declaring the statutory notice of deficiency ineffectual, and respondent, therefore, may not assess the deficiency he determined. Sec. 6225(a); *Maxwell v. Commissioner*, 87 T.C. at 788; see also sec. 6215(a).[7] Section 7430(a) provides for an award of litigation costs in any civil proceeding. Because this case is a civil proceeding and does not lose its nature as a civil proceeding after it has been dismissed for lack of jurisdiction, section 7430(a)(2) authorizes, if otherwise appropriate, the award of reasonable litigation costs.[8]

We recognize that the Seventh Circuit recently adopted a contrary view of our jurisdiction in *Sanders v. Commissioner*, 813 F.2d 859 (7th Cir., 1987), affg. an unpublished order of this Court. In *Sanders*, we dismissed the case for lack of jurisdiction because the statutory notice of deficiency had been mailed to the wrong address. See sec. 6212. Subsequent to our entering an order of dismissal, petitioner moved for an award of litigation costs pursuant to section 7430. The Seventh Circuit agreed with our unpublished order denying petitioner's motion on the ground that we had no jurisdiction to entertain the motion because we lacked jurisdiction to consider the merits of the case. The *Sanders* opinion does not, however, consider the effect of the language "in any civil proceeding" in analyzing the extent of our jurisdiction to entertain motions for an award of attorney's fees. This is likely because our *Fuller* opinion, which we today reject, also did not address this point. Citing an absence in section 7430 of any time within which

---

[7]See, e.g., *Pyo v. Commissioner*, 83 T.C. 626 (1984). In still other cases, respondent may assess the tax, and petitioners must seek judicial review in a refund forum. See *Zenco Engineering Corp. v. Commissioner*, 75 T.C. 318(1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981).

[8]In *Fuller v. Commissioner*, T.C. Memo. 1986-33, this Court reached the opposite result, reasoning that because a valid notice of deficiency provides the basis for our exercise of jurisdiction, once we dismiss a case for lack of jurisdiction on the ground that the statutory notice of deficiency is invalid, we retain no jurisdiction to entertain a motion for award of litigation costs. We now reject the reasoning of that case. *Fuller* does not express our view of the law on this issue.

petitioners must ask for an award of attorney's fees, the Seventh Circuit concluded that "Congress intended that a section 7430 motion be made before the final disposition of a case." For purposes of the Internal Revenue Code, however, there is no "final disposition" of a case litigated in this Court until after the time for appealing our decision expires or appeals are exhausted. Sec. 7481(a). Furthermore, our Rules require that petitioners wait until after the merits of a case have been resolved before asking for an award of litigation costs. Rule 231(a). This permits an orderly consideration of such motions and avoids needless argument. While our Rules do not specifically contemplate the circumstances of a case dismissed for lack of jurisdiction, it seems appropriate to apply the 30-day period of Rule 231(a)(2) to such cases from the time the order of dismissal is entered.

We believe that Congress has given us authority to resolve all questions related to the issue of our jurisdiction, including ancillary matters such as an award of attorney's fees. We think that the following portion of Judge Reynolds' concurring opinion in *Sanders* reflects our conclusions upon reconsidering the rationale of *Fuller v. Commissioner*, T.C. Memo. 1986-33:

> Just because the Tax Court found that it did not have the power to determine the merits of the dispute between the parties, it does not follow that it lacked jurisdiction to award fees based upon the reasonableness of the parties' positions regarding a question over which the Tax Court did have jurisdiction, i.e., whether the Tax Court had jurisdiction. The Tax Court had jurisdiction over any questions which necessarily revolve around the question of jurisdiction, including attorney fees. [813 F.2d at 862-863 (7th Cir. 1987).]

This authority is confirmed by a plain reading of section 7430(e)[9] which provides that an order awarding or denying litigation costs shall be incorporated into the decision or judgment in the case. An order of dismissal for lack of jurisdiction is a final order, appealable as such, and surely is either a "judgment" or a "decision." While neither "judgment" nor "decision" is defined in the Internal

---

[9]Sec. 7430(e) provides as follows:

SEC. 7430(e). RIGHT OF APPEAL.—An order granting or denying an award for reasonable litigation costs under subsection (a), in whole or in part, shall be incorporated as part of the decision or judgment in the case and shall be subject to appeal in the same manner as the decision or judgment.

Revenue Code, an order dismissing a case for lack of jurisdiction is minimally a final order and is appealable as either a "decision" or a "judgment" within the meaning of section 7430(e).

We believe that our decision to entertain a motion for award of litigation costs in this case effectuates the plain meaning of section 7430. When it enacted section 7430, Congress did so to deter abusive actions or overreaching by the Internal Revenue Service and to enable taxpayers to vindicate their rights regardless of their economic circumstances. H. Rept. 97-404, at 11 (1981).[10] As a result, this Court was authorized to award reasonable litigation costs "in any civil proceeding" where such an award is otherwise appropriate. This case is a civil proceeding. Therefore, we are authorized to determine whether petitioners are entitled to an award of reasonable litigation costs.

Having determined that section 7430 permits an award of litigation costs following a determination that a case should be dismissed for lack of jurisdiction, we must decide whether petitioners qualify for such an award. That judgment can be made only after respondent has an opportunity to reply to petitioners' motion and any necessary hearing is held.

*An appropriate order will be issued.*

Reviewed by the Court.

STERRETT, SIMPSON, CHABOT, NIMS, PARKER, WHITAKER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, GERBER, WRIGHT, PARR, and WELLS, *JJ.*, agree with this opinion.

---

[10]If the taxpayer chose to challenge the correctness of the deficiency by paying the tax and bringing a refund suit in the District Court or the Claims Court, there would be no jurisdictional bar before those courts to an award of litigation costs. We do not believe that this Court should strain its reading of sec. 7430 so that taxpayers are forbidden similar relief here. Cf. H. Rept. 97-404, at 11 (1981) (expressing concern that litigation costs awards were available in District Courts and Claims Court but not in Tax Court).