WEIGHT WATCHERS OF LOUISIANA, INC., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Weight Watchers of Louisiana, Inc. v. Commissioner
Docket Nos. 8519-84; 8521-84; 35064-84.
United States Tax Court
T.C. Memo 1987-456; 1987 Tax Ct. Memo LEXIS 453; 54 T.C.M. (CCH) 469; T.C.M. (RIA) 87456; September 14, 1987. *453 Held: (1) The corporate petitioners' cases are dismissed because their petitions were not timely filed. Secs. 6213(a), 7502(a), I.R.C. 1954. (2) Respondent's position in the civil litigation was reasonable; petitioners are not entitled to litigation costs. Sec. 7430, I.R.C. 1954. R. Travis Douglas, for the petitioners. Linda K. West, for the respondent. CHABOT TMEMORANDUM OPINION CHABOT, Judge: This matter is before us on petitioners' motion for litigation costs, under section 7430 and Rule 231. [2]
Respondent determined deficiencies in Federal corporate income tax, deficiencies in Federal individual income tax, and additions to tax under sections 6653(a) (negligence, etc.) and 6653(b) (fraud), as in effect for the years in issue, against the respective petitioners for the years and in the amounts as follows: Petitioner,
Additions to Tax
Docket No.
Year [3]
Deficiency
§ 6653(a)
§ 6653(b)
Weight Watchers of
1978
$ 15,086.47
$ -0-   $ 7,543.37
Louisiana, Inc.
1979
48,403.25
-0-   24,201.63
8519-84
1980
30,356.86
-0-   15,178.43
1981
16,728.20
-0-   8,364.10
Weight Watchers of
1977
1,844.20
-0-   922.10
Southern Mississippi,
1979
5,270.28
-0-   2,635.14
Inc., 8521-84
Gerald S. Carr and
1979
84,307.00
4,215.00
-0- Roberta R. Carr,
1980
76,008.00
4,560.00
-0- 35064-84
§ 6653(a)(1)
§ 6653(a)(2)
1981 [4] *455 65,363.00
3,268.00
50% of interest
on $ 3,268.00   *454 The parties have agreed that petitioners are not liable for any additions to tax and that petitioners' deficiencies are as follows: Petitioner, Docket No.
Year
Deficiency
Weight Watchers of
1978
$ 12,773.29
Louisiana, Inc. 8519-84
1979
5,362.00
1980
5,207.00
1981
-0-
Weight Watchers of
1977
907.36
Southern Mississippi, Inc.
1979
1,521.00
8521-84
Gerald S. Carr and
1979
12,518.30
Roberta R. Carr,
1980
20,861.33
35064-84
1981
6,780.79
The issues that the parties presented for decision relate to petitioners' motion for litigation costs, and are as follows: (1) Whether petitioners have established that respondent's position was unreasonable, within the meaning of section 7430(c)(2)(A)(i); and (2) If so, what is the amount of petitioners' reasonable litigation costs, within the meaning of section 7430(c)(1)(A). Background
When the petitions were filed in the instant cases, each corporate petitioner's principal place of business was in Harvey, Louisiana, and the individual petitioners resided in Gretna, Louisiana. By 1982, respondent *456 had begun an audit of petitioners' income tax returns, focussing on 1979 through 1981. Much of the audit dealt with substantiation of deductions claimed on these tax returns. On August 20, 1982, petitioner Gerald S. Carr (hereinafter sometimes referred to as "Carr") and other employees of the corporate petitioners met with respondent's revenue agents at the corporate petitioners' principal place of business. The agents' questions and Carr's answers indicated that some of Carr's personal expenses (e.g., paint and lumber for work on Carr's house) were paid for by one or both of the corporate petitioners. Carr indicated that he had altered amounts shown on travel and entertainment receipts because he needed the additional money to pay bribes to ministers and priests so he could use churches, presumably for Weight Watchers activities. Respondent's revenue agents referred the matter to respondent's Criminal Investigation Division for determination of possible criminal violations. In October 1983, the Criminal Investigation Division returned the cases of the corporate petitioners for civil disposition. Because it was understood that the statute of limitations in the corporate cases for *457 1979 would expire on December 31, 1983, respondent notified petitioners' then counsel and petitioner Robert R. Carr, and asked petitioners to agree to extend the statute of limitations. Petitioner's representatives asked that notices of deficiency be issued. Notices of deficiency were mailed to the corporate petitioners on December 28, 1983. In 1983, proceedings were begun to enforce administrative summonses issued to Carr. On February 14, 1984, an evidentiary hearing was held on that matter before the District Court for the Eastern District of Louisiana and, on March 15, 1984, a minute entry was made granting enforcement of summonses. In that minute entry, Judge McNamara concluded that the Internal Revenue Service had demonstrated that (1) only a sampling of Carr's corporate records had been audited, (2) that sampling turned up a number of alterations, (3) the Internal Revenue Service is entitled to examine the originals and not be satisfied with the photocopies it then possessed, and (4) the summonses do not constitute an abuse of process. On January 6, 1984, petitioners' counsel in the instant cases, R. Travis Douglas (hereinafter sometimes referred to as "Douglas") was retained *458 by Carr to represent all the petitioners in the instant cases. [5] The petitions in these cases were filed on April 2, 1984. [6] On March 21, 1984, respondent mailed three other notices of deficiency to relatives of the individual petitioners. The petitions in response to the March 21, 1984, notices of deficiency were timely mailed to the Court on June 19, 1984. [7] *459 On July 12, 1984, respondent mailed a notice of deficiency to the individual petitioners herein. The petition in response to July 12, 1984, notice of deficiency was timely filed on October 9, 1984. Respondent filed his answers in the corporate petitioners' cases on May 30, 1984, and in the individual petitioners' case (docket No. 35064-84) on December 13, 1984. In his answers in the corporate petitioners' cases, respondent conceded the fraud additions to tax and asserted negligence additions to tax in lieu thereof. At some point in 1984, respondent returned the corporate petitioners' records to them. After the petitions were filed, petitioners' counsel and respondent's Appeals Office opened settlement negotiations. Respondent assigned a revenue agent to reexamine the original books, records, invoices, and receipts that had previously been supplied to the Criminal Investigation Division. When this audit process had been about two-thirds completed, the revenue agent's supervisor determined that the documentation would not be accepted because it was the same documentation that had been determined to have been altered. Settlement negotiations with the Appeals Office were then terminated, and, in July 1985, respondent sent the cases to the District Counsel's office for trial preparation. In March and April 1985, Douglas secured affidavits from Carr, employees of the corporate petitioners, and others, supporting petitioners' contentions with regard to the deductibility of many disputed items. [8]
These cases were called from *460 the calendar for trial on September 30, 1985, together with the three other cases, referred to in n. 7, supra. All six cases were recalled on October 7, 1985, at which time the parties filed a stipulation of settled issues in the cases at docket Nos. 8519-84 and 8521-84, and counsel for the parties agreed that the issues in the other four cases were to be settled in accordance with the parties' agreements in the cases at docket Nos. 8519-84 and 8521-84. At the request of counsel for the parties, the Court directed them to submit stipulated decisions in all six dockets by December 15, 1985. As a result of later requests for extensions, the Court directed the parties to submit the stipulated decisions by January 31, 1986. The stipulated decisions were forthcoming and decisions were entered on January 21, 1986, in all the dockets except 35064-84, and on February 12, 1986, in that latter docket. On March 5, 1986, motions to vacate decision were filed in the cases at all six dockets. By order of the Court dated March 5, 1986, respondent was given until March 19, 1986, in which to file any objection he might have to the motions to vacate. On March 13, 1986, respondent filed his objections. *461 By order of the Court dated March 18, 1986, the motions to vacate were granted, and the decision documents were then filed as stipulations of settlement. Petitioners were given until April 17, 1986, in which to file their motions for litigation costs, and respondent was given until June 16, 1986, in which to file his responses. On May 14, 1986, petitioners filed a motion for leave to file claim to litigation costs out of time in docket Nos. 8519-84, 8521-84, and 35064-84, which was granted that day. The motion for litigation costs was then filed by the Court. On May 20, 1986, a telephone conference call was held between the parties in which Douglas stated that he did not plan to file a motion for litigation costs in the other three dockets; decisions were entered in those three dockets on May 22, 1986. Pursuant to several requests, the Court granted respondent more time to respond to petitioners' motion for litigation costs and this response was filed within the extended period on September 30, 1986. Neither party requested an evidentiary hearing. The Court issued orders setting dates for filing stipulations of fact (February 9, 1987) and memoranda of law (February 23, 1987). Counsel *462 for the parties agreed with each other to file affidavits and not to file stipulations of fact, and moved the Court to modify the previous order, which motion was granted. The parties then filed their affidavits, requested findings of fact, and memoranda of law, the last such documents being filed on March 20, 1987. * * * Respondent's position in these civil proceedings, including postpetition administrative proceedings and prepetition proceedings, was reasonable. Jurisdiction -- Corporate Petitioners
After the parties had filed the last of their memoranda in the instant cases, the Court noticed that the petitions for the corporate petitioners may not have been timely filed. Accordingly, we issued an order to show cause why those two cases should not be dismissed for lack of jurisdiction. Also, we brought this matter to the attention of the parties informally. It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the case has been tried and briefed. Kahle v. Commissioner,88 T.C. 1063 n. 3 (1987), and cases cited therein. We have jurisdiction to determine *463 jurisdiction [9] and "whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,35 T.C. 177, 179 (1960); 508 Clinton Street Corp. v. Commissioner, 89 T.C.     (slip op. at 3, Aug. 25, 1987).
It is clear that the Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance by the Commissioner of a notice of deficiency and the timely filing of a petition by the taxpayer. Secs. 6212, 6213, and 7442; Brown v. Commissioner,78 T.C. 215, 220 (1982); Rule 13(a) and (c). Because the timely filing of a petition is a jurisdictional prerequisite, an untimely petition must be dismissed. Brown v. Commissioner, supra;Malekzad v. Commissioner,76 T.C. 963, 965-966 (1981); [10] see sec. 6213(c).
Section 6213(a) [11] requires that a petition be filed with this Court within 90 days (150 days in certain circumstances *464 not applicable to any of the instant cases) after the notice of deficiency is mailed to the taxpayer. The parties agree that the notices of deficiency to the corporate petitioners (docket Nos. 8519-84 and 8521-84) were mailed on December 28, 1983. The petitions of the corporate petitioners were received by the Court and filed on April 2, 1984, which is the 96th day after the notices of deficiency were mailed. As a result, we must dismiss these two dockets for lack of jurisdiction under the 90-day rule of section 6213(a), unless the timely-mailing-timely-filing provisions of section 7502 [12] apply. The envelopes ("covers" in the statutory *465 language) in which the petitions of the corporate petitioners were mailed are plainly postmarked March 28, 1984, which is the 91st day after the notices of deficiency were mailed. The 90th day (March 27, 1984) was not a Saturday, Sunday, or legal holiday in the District of Columbia. Accordingly, we conclude that the petitions *466 of the corporate petitioners were not timely mailed, these petitions were not timely filed, these petitions have not given us jurisdiction, and we must dismiss the cases at docket Nos. 8519-84 (Weight Watchers of Louisiana, Inc.) and 8521-84 (Weight Watchers of Southern Mississippi, Inc.). [13]
Nevertheless, we remain free to award litigation costs in dismissed cases in appropriate circumstances. Weiss v. Commissioner,88 T.C. 1036 (1987). Litigation Costs
The Congress has provided for the awarding of litigation costs to taxpayers in certain circumstances. Under section 7430, [14] *467 *468 *469 in order to be entitled to an award of litigation costs, the taxpayer must -- (1) substantially prevail in the litigation (sec. 7430(c)(2)(A)(ii)); (2) establish that respondent's position is unreasonable (sec. 7430(c)(2)(A)(i)); and (3) have exhausted the administrative remedies available to that taxpayer in the Internal Revenue Service (sec. 7430(b)(2)). These requirments are in the conjunctive; i.e., petitioners must overcome each of these hurdles in order to succeed as to litigation costs. See Minahan v. Commissioner,88 T.C. 492, 497 (1987). Respondent concedes that petitioners have substantially prevailed in this litigation and that they exhausted the administrative remedies available to them in the Internal Revenue Service. We now consider whether respondent's position was unreasonable within the meaning of section 7430(c)(2)(A)(i). This Court and the Courts of Appeals of several circuits have previously determined that any award of costs *470 under section 7430 is to be based on a conclusion as to the reasonableness of respondent's position from the date the petition was filed. Ewing and Thomas, P.A. v. Heye,803 F.2d 613 (CAll 1986); Baker v. Commissioner,787 F.2d 637 (CADC 1986), affg. on this issue 83 T.C. 822, 827 (1984); Wasie v. Commissioner,86 T.C. 962, 967 (1986). See Sher v. Commissioner, 89 T.C.     (July 9, 1987). Other courts have held that fees and costs and the measure of the reasonableness of respondent's position extends to the administrative level. Powell v. Commissiioner,791 F.2d 385 (CA5 1986), revg. a Memorandum Opinion of this Court; [15]Kaufman v. Egger,758 F.2d 1 (CAl 1985). The Court of Appeals for the Fifth Circuit, to which the instant cases are appealable, stated that respondent's position that forces a taxpayer to file a suit is to be examined. Powell v. Commissioner, supra (remanding case to Tax Court for a determination as to whether respondent's position that caused the taxpayer to file suit was reasonable). The thrust of petitioners' contention is as follows: (1) During the prepetition phase, petitioners had provided to the Audit Division and to the Criminal *471 Investigation Division the original books, records, invoices, and receipts to substantiate the deductions claimed on the various returns. (2) After the petitions were filed, the same materials were presented to an Appeals Officer as part of the settlement negotiations. (3) The Appeals Officer called in an agent from the Audit Division to examine the worth of these materials as substantiation. (4) When the audit agent and Douglas had completed about two-thirds of their work, the audit agent's supervisor "interjected himself into the matter" and rejected the materials, charging that the documents involved were the same documents that had previously been examined and that these documents were "false, fraudulent or altered". (5) The case ultimately was settled by Douglas and respondent's counsel, by extrapolating the agreements that the audit agent and Douglas had reached. I.e., if the audit agent and Douglas had agreed to allow 80 percent of items audited in a certain category, then Douglas and respondent's counsel agreed to settle the unaudited items in that category on the same 80-percent basis. (6) The settlement with respondent's counsel was based on the materials that had been presented *472 to, and agreements that had been reached with, the audit agent a long time earlier, and so the settlement should have been reached a long time earlier. (7) The settlement with respondent's counsel was based on the materials that had been presented to the Audit Division and the Criminal Investigation Division before the notice of deficiency was mailed, and so the entire matter should have been resolved without the determination of "substantially inflated" deficiencies. The foregoing does not persuade us that respondent was unreasonable, whether we look only at postpetition activities or also at prepetition activities. Firstly, Carr had, at an early stage, admitted altering the corporations' substantiation records. This would reasonably cause any such records to have less probative value than otherwise, and this doubt as to probative value might well extend to trial if the parties had not settled the cases. Secondly, Carr had, at an early stage, admitted that the alterations were made in order to provide additional money to bribe ministers and priests so that he could use churches, presumably for Weight Watchers activities. This would reasonably affect the credibility of Carr's testimony *473 at trial if the parties had not settled the cases. Thirdly, even after the mailing of the notices of deficiency to the corporate petitioners and the retention of Douglas as their counsel (see n. 5, supra), petitioners were resisting enforcement of administrative summonses. These summonses were enforced because the district court judge concluded that respondent had demonstrated the appropriateness of respondent having an adequate opportunity to examine materials that respondent did not yet have, and to examine the originals of materials as to which respondent had only photocopies. Fourthly, Douglas presented to the Appeals Officer and to respondent's counsel affidavits and logs corroborating challenged deductions, that had not previously been presented to respondent's employees. It was only after these affidavits and logs had been produced that the cases were settled. These affidavits and logs were not secured until March and April 1985, a year or more after the first of the petitions had been filed. A stipulation of settled issues was filed on October 7, 1985, at the first relevant trial session after the affidavits and logs had been produced. Under the circumstances, not only have *474 petitioners failed to carry their burden of proving that respondent's position in these civil proceedings [16] was unreasonable, but a preponderance of the evidence inclines us to conclude (and we have so found) that respondent's position was reasonable. Petitioners also contend as follows: d.) The Statutory Notices involved were issued to petitioners without the normal administrative procedure required by the Code and Regulations. Petitioners were never supplied with the examination report, the fifteen day letter, or the thirty day letter. Thus, the Commissioner's actions deprived petitioners of an opportunity to dispose of and settle *475 this case prior to filing petitions in the Tax Court. The rush to issue notices of deficiency in the corporate petitioners' cases arose from the imminent expiration of a relevant statute of limitations, coupled with the corporate petitioners' refusal to extend the statute of limitations. The corporate petitioners' refusal to agree to extend the statute of limitations does not constitute a failure to exhaust administrative remedies. Minahan v. Commissioner, supra.However, under the circumstances of the instant cases, it is clear that respondent was not acting unreasonably in failing to provide to petitioners the full range of prenotice administrative remedies that respondent ordinarily provides. Accordingly, petitioners are not entitled to litigation costs. We hold for respondent. Appropriate orders will be issued and decisions entered denying petitioners' motions for litigation costs and, (1) in docket Nos. 8519-84 and 8521-84 dismissing the cases for lack of jurisdiction and (2) in docket No. 35064-84 entering a decision in accordance with the parties' stipulation of settlement filed March 18, 1986.
Footnotes
1. Pursuant to section 7430(d), the Court has determined that the cases of the following petitioners could have been joined or consolidated and so these cases shall be treated as one civil proceeding for purposes of applying section 7430: Weight Watchers of Southern Mississippi, Inc., docket No. 8521-84, and Gerald S. Carr and Roberta R. Carr, docket No. 35064-84. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for civil actions commenced at the times the petitions in the instant cases were filed. ↩
2. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice & Procedure. ↩
3. In docket Nos. 8519-84 and 8521-84, the years are taxable years ending September 30 of each indicated year; in docket No. 35064-84, the years are calendar years. ↩
4. The deficiency and additions for 1981 are set forth as shown on the notice of deficiency, as well as the Forms 4089 and 5278 attached thereto. However, page 4 of the statement attached to the notice of deficiency states that the "underpayment of tax for 1981 is the amount of $ 91,199.00, all of which is due to negligence." The addition under section 6653(a)(1) is then stated as "5% of $ 91,199.00" (or $ 4,559.95). The addition under section 6653(a)(2) is then stated as "50% of the interest due on $ 91,199.00". Note also that the notice of deficiency determined the "additional addition" (i.e., the addition to tax under section 6653(a)(2)) to be 50 percent of the interest on $ 3,268 -- an amount which happens to equal the amount of the addition to tax under section 6653(a)(1). Under the statute as then in effect, the additional addition was 50 percent of the interest on an amount equal to the portion of the underpayment of tax attributable to negligence, etc. We suspect that respondent may have intended to determine the additional addition as 50 percent of the interest on $ 65,363. Because of respondent's concessions, we do not express any opinion as to the legal consequences of these inconsistencies. ↩
5. The record is not clear as to whether Douglas represented Carr in the administrative summons proceedings. ↩
6. The envelopes were postmarked March 28, 1984; this is discussed further at Jurisdiction -- Corporate Petitioners, infra.↩
7. Litigation costs motions have not been filed in those three dockets (20209-84, 20221-84, and 20307-84). 8. It is not clear, from the material in the record, whether these affidavits were produced to respondent before the cases were sent to District Counsel's office. ↩
9. We also have authority to resolve all questions relating to issues of our jurisdiction, including ancillary matters such as an award of litigation costs. Weiss v. Commissioner,88 T.C. 1036↩ (1987.) 10. See Winchell v. CommissionerT.C. Memo 1983-221↩. 11. Section 6213(a) provides, in pertinent part, as follows:
SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment. -- Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * ↩
12. Section 7502(a) provides, in pertinent part, as follows:
SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule. -- (1) Date of delivery. -- If any * * * document required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such * * * document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery * * *. (2) Maiiling requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing * * * of the * * * document * * *. ↩
13. Counsel for both sides have informally indicated that respondent's counsel will recommend to the Appeals Division that these two cases be settled on the same bases as the stipulations of settlement filed on March 18, 1986. ↩
14. Section 7430 provides, in pertinent part, as follows:
SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) In General. -- In the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding. (b) Limitations. -- (1) Maximum dollar amount. -- The amount of reasonable litigation costs which may be awarded under subsection (a) with respect to any prevailing party in any civil proceeding shall not exceed $ 25,000. (2) Requirement that administrative remedies be exhausted. -- A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. * * * (c) Definitions. -- For purposes of this section -- * * * (2) Prevailing party. -- (A) In general. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was unreasonable, and (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented. (B) Determination as to prevailing party. -- Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made -- (i) by the Court, or (ii) by agreement of the parties. (3) Civil actions. -- For purposes of this section, in the case of -- (1) multiple actions which could have been joined or consolidated, or (2) a case or cases involving a return or returns of the same taxpayer (including joint returns of married individuals) which could have been joined in a single proceeding in the same court,
such action or cases shall be treated as one civil proceeding regardless of whether such joinder or consolidation actually occurs, unless the court in which such action is brought determines, in its discretion, that it would be inappropriate to treat such actions or cases as joined or consolidated for purposes of this section.
[The subsequent amendments of this provision by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752 -- except the amendment to section 7430(a)↩ made by section 1551(f) of the Tax Reform Act of 1986 (relating to payment of awarded litigation costs) -- apply only to civil actions or proceedings commenced after December 31, 1985 (sec. 1551(h)(1) of the Tax Reform Act of 1986), and so do not affect the instant cases.]
15. T.C. Memo. 1985-27↩. 16. We take into account the admonition in Baker v. Commissioner,787 F.2d 637 (CADC 1986), remanding on this point but affirming on other issues 83 T.C. 822 (1984), that we must consider administrative postpetition actions, and also (because of Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (CA10 1971)) the instruction of the Court of Appeals for the Fifth Circuit that we must consider respondent's prepetition position that caused the filing of the proceeding. Powell v. Commissioner,791 F.2d 38 (CA5 1986), revg.T.C. Memo. 1985-27↩.