Marilyn SPONZA, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 86–7432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1987.

Decided April 19, 1988.

Karen Hawkins, Taggart and Hawkins, San Francisco, Cal., for petitioner-appellant.

Gilbert Rothenberg, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before CANBY and NORRIS, Circuit Judges, and HUPP,[*] District Judge.

HUPP, District Judge:

This matter is before the court on appeal from an order of the Tax Court denying a motion for fees and costs for lack of jurisdiction.

1. *Factual background.* Appellant Marilyn Sponza filed a joint income tax return with her then husband for the taxable year 1978. Thereafter, the Internal Revenue Service (hereafter "IRS") audited the return and determined that there was a deficiency. A notice of deficiency was sent to appellant's former husband and purportedly to her. However, appellant claimed that the notice of deficiency was not sent to her at her last known address, as required by 26 U.S.C. § 6212. (References are to the Internal Revenue Code of 1954, which is applicable to this case.) Collection employees of the Commissioner of Internal Revenue commenced collection proceedings against appellant. Appellant contends that the collection officers did not desist from collection procedures even after being advised by appellant that the notice of deficiency was invalid as to her. On the ground of claimed improper service of the notice of deficiency, appellant filed a Tax Court proceeding for the purpose of obtaining that court's ruling that the notice of deficiency was invalid. Appellant immediately filed a motion to dismiss for lack of jurisdiction. The defect in jurisdiction al-

* Honorable Harry L. Hupp, United States District Judge, Central District of California, sitting by designation.

leged was the failure to serve appellant properly with the notice of deficiency. The government responded to the motion to dismiss by conceding that the motion was well taken because of the failure to properly serve the notice of deficiency. Accordingly, on January 3, 1986, the Tax Court entered its order dismissing the Tax Court petition for lack of jurisdiction. The necessary effect of such order was to determine that the notice of deficiency was invalid as to appellant. Within thirty days thereafter, on January 30, 1986, appellant moved for an order awarding attorney's fees under 26 U.S.C. § 7430. The Tax Court denied the motion based upon its then holding in *Fuller v. Commissioner* (1986) 51 T.C. M. (C.C.H.) 336 that it did not have jurisdiction. The Tax Court, dismissing as it did for lack of jurisdiction, did not reach the merits of appellant's request for attorney's fees.

The matter was subsequently timely appealed to this court.

2. *Jurisdiction of this court.* This court has jurisdiction under 26 U.S.C. § 7482.

3. *Standard of review.* The Tax Court's determination being made on a matter of law, review is *de novo*.

■ 4. *Jurisdiction of the Tax Court.* The basis of the Tax Court's decision, its own precedent in the *Fuller* case, has, since this appeal was taken, been repudiated by the Tax Court itself. In *Weiss v. Commissioner* (1987) 88 T.C. 1036, the Tax Court rejected its memorandum opinion in the *Fuller* case and held that the Tax Court does have jurisdiction to consider application for attorney's fees under section 7430 after it determines that a case should be dismissed for lack of jurisdiction. In an opinion, the reasoning of which we accept, the Tax Court held in the *Weiss* case that where the pending Tax Court case is dismissed for lack of jurisdiction, nevertheless an application for attorney's fees filed within the thirty-day time to appeal may be considered. The Tax Court reasoned that the language of section 7430, allowing an award of attorney's fees "in any civil proceeding," was sufficient to allow consideration of an application for fees filed before the Tax Court decision became final under section 7481, *i.e.*, before the time to file an appeal had passed. The Tax Court reasoned that dismissal of the underlying case for lack of jurisdiction is as much a final decision as any other final judgment after which an application for fees could be heard. We accept this holding. It appears particularly appropriate in this situation where the Tax Court dismissal for lack of jurisdiction was also the ruling on the merits sought by the petitioner in the Tax Court case. The application for fees in this case was filed within thirty days of the dismissal, and was therefore timely under the reasoning of the Tax Court in the *Weiss* case. We hold that the Tax Court had jurisdiction to consider the application for fees under section 7430.[1]

5. *Scope of the fee application.* This court's decision in *Sliwa v. Commissioner*, (9th Cir.1988) 839 F.2d 602 determines the principal legal issue on appeal here. Under 26 U.S.C. § 7430, a prevailing taxpayer in a civil case may be awarded attorney's fees if "the position of the United States in the civil proceeding was unreasonable." The court in the *Sliwa* case held that fees could only be recovered for the Tax Court litigation (including the preparation of the peti-

---

1. We are aware that the 7th Circuit in *Sanders v. Commissioner* (7th Cir.1987) 813 F.2d 859, in a decision rendered prior to the *Weiss* case, agreed with the reasoning of the now rejected *Fuller* case. In an opinion filed on March 22, 1988, this court cited the *Sanders* case with approval. (*Latch v. United States of America* (9th Cir.1988) 842 F.2d 1031.) This court in the *Latch* case, however, expressly stated that it did not disapprove the *Weiss* decision (Footnote 4). Instead *Weiss* was distinguished. It was reasoned that the Tax Court had jurisdiction to decide whether it has jurisdiction. Where the substantive issue at controversy was precisely that, fees could be awarded under section 7430 where the government's position was unreasonable. Thus, in our approval of the decision in the *Weiss* case, we do not disagree with the panel of this court deciding the *Latch* case. We agree with the *Weiss* opinion that the Tax Court could decide its own jurisdiction; in doing so, it acts in "a civil proceeding" within the meaning of section 7430, and that the Tax Court therefore has jurisdiction to consider an application for fees filed before its jurisdiction lapses.

tion), but in determining whether the Commissioner's position was "reasonable," there may be considered the administrative action taken by the Commissioner which led to the filing of the petition. In short, in the interpretation of section 7430 adopted in the *Sliwa* case, the question of which fees may be sought is different from the question of whether the Commissioner's position was "reasonable" within the meaning of section 7430. Judge Poole's opinion in the *Sliwa* case explains the rationale for this holding. We are bound by that holding and we believe it is correct.

■ 6. *Remand.* The matter should be remanded for further proceedings. Appellant requests that we determine the merits of whether the action of the Commissioner which led to the filing of the Tax Court petition was "reasonable." We believe this is a matter which should be presented in the first instance to the Tax Court, which has not yet considered it. (*Icicle Foods v. Worthington* (1986) 475 U.S. 709, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739; *U.S.A. v. Bernhardt* (9th Cir.1987) 831 F.2d 181, 183.) While pushing collection proceedings in a case where the Commissioner was acting upon an invalid deficiency notice might in some circumstances be considered "unreasonable," a factual record has not been developed on how clear it was to the Commissioner, and his collection division, that the deficiency notice was in fact invalid. This may well turn upon what information was available to the Commissioner and his collection division. Accordingly, the matter will be remanded to the Tax Court with instructions to consider on the merits the application for fees under section 7430 in light of this court's decision in *Sliwa.*

The judgment of the Tax Court dismissing the application for fees for lack of jurisdiction is reversed and the matter is remanded to the Tax Court to consider the application for fees under section 7430 on the merits.