76 F.3d 388
 77 A.F.T.R.2d 96-635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack H. SATTERFIELD; Myrle Satterfield, Plaintiffs-Appellants,
v.
UNITED STATES INTERNAL REVENUE SERVICE, DEPARTMENT OF the
TREASURY OF the U.S., Defendant-Appellee.
 No. 94-36240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 H. Jack and Myrle Satterfield appeal the district court's adverse judgment in their suit challenging an IRS lien against their property. We conclude the district court lacked jurisdiction, and vacate the judgment below.
 
 I.
 
 2
 From 1976 through 1978, the Satterfields used a tax shelter called a "silver straddle." IRS appeals officer Cal Crandall told the Satterfields' attorney, Lowell Hawkes, that the IRS would recharacterize the 1976-77 straddle gain as a short term gain and disallow the 1977-78 straddle loss, which would increase the Satterfields' 1977 taxable income by approximately $100,000. Hawkes did not understand Crandall's explanation. He thought Crandall said the Satterfields should have characterized certain gains as long-term rather than short-term, and that this change alone would increase the Satterfields' 1977 taxable income by $100,000.
 
 
 3
 The Satterfields and the IRS settled the 1977-79 years for approximately $25,000, not including interest. Hawkes acknowledged the agreement by letter, and executed an IRS Form 870-AD memorializing the understanding. Five months later, Hawkes learned that merely changing the 1976-77 long-term gain to short-term gain would not increase the Satterfields' income by $100,000.
 
 
 4
 Hawkes wrote the IRS, claiming Crandall misled him and arguing the settlement was not final. The IRS recorded a lien on the Satterfields' property, and the Satterfields sued to remove the lien and recover damages. After a bench trial, the district court held the parties had entered into a binding settlement agreement, and dismissed the case. The Satterfields appeal.
 
 
 5
 II. Quiet Title Claim.
 
 
 6
 The district court based jurisdiction on 28 U.S.C. § 2410, which allows suits "to quiet title to ... property on which the United States has or claims a mortgage or other lien." We have "strictly limited the reach and application of this statute." Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). While § 2410 permits quiet title actions challenging the procedural aspects of the tax liens, it does not provide jurisdiction over suits attacking the merits of the underlying assessment. Huff v. United States, 10 F.3d 1440, 1445 (9th Cir.1993); Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991).
 
 
 7
 The Satterfields argue the district court had jurisdiction because the IRS did not comply with the requirement of 26 U.S.C. § 6213 that the IRS issue a notice of deficiency (also called a "90-day letter") giving the taxpayer ninety days to petition in Tax Court before the IRS assesses the taxes. The IRS did not send the Satterfields a 90-day letter because Hawkes signed a Form 870-AD waiving it. The Satterfields allege the IRS was nonetheless required to send a 90-day letter because the settlement and Form 870-AD were invalid; but allegations that the IRS failed to send a 90-day letter "address the merits of [the] assessment rather than the procedural validity of the IRS's lien," Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990), and therefore do not establish jurisdiction under § 2410.
 
 
 8
 The Satterfields do not argue the IRS failed to send a notice of assessment and demand as required under 26 U.S.C. § 6303(a), see Elias, 908 F.2d at 527; or that the IRS failed to properly record the assessment or furnish a copy of it upon request as required by 26 U.S.C. § 6203, see Huff, 10 F.3d at 1445-46; or identify any other statutory or regulatory procedural provision the lien might have violated. The entire case focused on whether the Satterfields agreed to settle with the IRS for $25,000, a claim addressed to the merits of the assessment. The district court did not have jurisdiction over that claim under § 2410.[1]
 
 
 9
 III. Damages Claim.
 
 
 10
 The district court did not have jurisdiction over the Satterfields' claim under 26 U.S.C. § 7432 for damages for failure to release the lien since the Satterfields filed suit before the effective date of the statute. See Overton v. United States, 925 F.2d 1282, 1284 (10th Cir.1991) (noting § 7432 "is effective only for damages arising and notices given after December 31, 1988").
 
 
 11
 IV. Attorneys' Fees.
 
 
 12
 Since the Satterfields were not the "prevailing party" in any sense in the district court, the district court did not err in dismissing the Satterfields' claim for attorneys' fees and costs based on allegations that the IRS "respond[ed] to personal inquiries with nothing more than computer-generated form letters," and generally stonewalled the Satterfields.
 
 
 13
 The court also properly dismissed the Satterfields' claim for attorneys' fees in a previous case the Satterfields litigated in Tax Court. Requests for fees and costs must be raised in the court in which the litigant prevails. 26 U.S.C. § 7430. The Satterfields should have sought fees and costs in the Tax Court, not in a separate action in federal district court. See Spoza v. Commissioner of Internal Revenue, 844 F.2d 689, 690 (9th Cir.1988) (noting that applications for fees should be filed within 30 days of the Tax Court's final judgment).
 
 
 14
 The Satterfields shall pay the IRS's costs on appeal.
 
 
 15
 VACATED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Satterfields could have challenged the settlement and assessment by paying and seeking a refund. See Whitney v. United States, 826 F.2d 896 (9th Cir.1987) (holding taxpayers' mere execution of Form 870-AD form, without more, does not estop them from seeking refunds). If the Satterfields were unable to pay, they could have sought an injunction by showing they had no adequate remedy at law and denial of an injunction to remove the lien would cause them immediate, irreparable injury. See Jensen v. IRS, 835 F.2d 196, 198-99 (9th Cir.1987); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313-14 (9th Cir.1982); 26 U.S.C. § 6213(a)