HERBERT WEISS AND ESTATE OF ROBERTA WEISS, DECEASED, HERBERT WEISS, PERSONAL REPRESENTATIVE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 25537-86.          Filed October 8, 1987.

*Michael I. Saltzman* and *Barbara T. Kaplan*, for the petitioners.

*Michael B. Goldbas* and *Sharon Katz-Pearlman*, for the respondent.

OPINION

WILLIAMS, *Judge*: This case is before us on petitioners' motion for award of litigation costs in the amount of $1,184.86. In a previous opinion in this case issued on April 23, 1987, 88 T.C. 1036, we held that we had jurisdiction to award litigation costs pursuant to section 7430[1] after we determined that the case should be dismissed for lack of jurisdiction. We did not decide whether petitioners qualified for an award at that time because respondent had not had an opportunity to reply to petitioners' motion.

Petitioners timely filed a petition with this Court on July 7, 1986. The petition alleged that the Court lacked jurisdiction because Transpac Drilling Venture 1982-14 was a partnership formed after September 3, 1982, as to which the partnership audit and litigation procedures, section 6221 et seq., apply, and respondent had failed to comply with those provisions by first conducting a partnership level audit. On September 12, 1986, respondent filed a motion to extend time to answer until November 15, 1986, because he had not yet received the administrative file and was thus unable to respond to petitioners' allegation. We granted respondent's motion on September 22, 1986.

After receiving and reviewing the administrative file, respondent, without objection from petitioners, filed a motion to dismiss for lack of jurisdiction on November 3, 1986, conceding that Transpac Drilling Venture 1982-14 was a partnership as to which the partnership audit and litigation procedures apply and that he had not complied with those procedures. We entered an order dismissing the case for lack of jurisdiction on November 14, 1986.

On January 9, 1987, petitioners filed a motion for award of litigation costs alleging that they had exhausted their administrative remedies and had substantially prevailed on the only issue presented. In addition, the motion alleged

---

[1]All section references are to the Internal Revenue Code of 1986.

that respondent's issuance of the notice of deficiency was not substantially justified. In his notice of objection filed February 5, 1987, respondent alleged that we lacked jurisdiction to entertain a petition for litigation costs after we dismissed the case for lack of jurisdiction. In our opinion at 88 T.C. 1036 (1987), we held that we had jurisdiction to consider petitioners' motion but would not decide whether petitioners' were entitled to an award until respondent had had an opportunity to respond to the substantive allegations in petitioners' motion.

On May 19, 1987, petitioners' filed the affidavit of Herbert Weiss, in which he alleged that neither he, Roberta Weiss, deceased, nor the Estate of Roberta Weiss had a net worth exceeding $2 million at the time the petition in this case was filed or at any time subsequent to that date. See sec. 7430(c)(2)(A)(iii); *Stieha v. Commissioner*, 89 T.C. 784 (filed this same date). Respondent filed a response to petitioners' motion for award of litigation costs on July 27, 1987, agreeing that petitioners have substantially prevailed, have exhausted their administrative remedies, and have satisfied the net worth requirement. Respondent contends, however, that his position in pursuing the case against petitioners was substantially justified and, if we find that it was not, that the amount of attorneys' fees requested is excessive. Respondent and petitioners filed additional memoranda in support of their positions on July 27, 1987, and September 11, 1987, respectively.

Section 7430(a) provides for an award of litigation costs to the prevailing party in a civil proceeding if the party has exhausted the available administrative remedies. Section 7430(c)(2) defines a prevailing party as one which (1) establishes that the position of the United States was not substantially justified; (2) has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) has a net worth not in excess of $2 million at the time the civil proceeding is commenced. Only the first requirement remains in issue.

Petitioners contend that we held respondent's position was not substantially justified in our prior opinion in this case and that we are bound by that determination. In our

prior opinion, we stated, *Weiss v. Commissioner*, 88 T.C. at 1038 n. 6:

While petitioners have satisfied the first two elements of the definition of "prevailing party" [the "substantially justified" and "substantially prevailed" requirements] there is the unresolved issue of their net worth pursuant to section 7430(c)(2)(A)(iii). * * *

In the text, 88 T.C. at 1038, however, we specifically stated that we were not then determining whether petitioners were prevailing parties. We explicitly reserved judgment on that issue until respondent had had an opportunity to respond. 88 T.C. at 1041. We are thus not foreclosed by our comment in note 6 from determining in this proceeding whether respondent's position was substantially justified.[2]

More importantly, our statement in note 6 was a comment on the position advanced by petitioners, viz, that respondent was not substantially justified in issuing the statutory notice of deficiency. The statute is plain enough on its face, and the facts of this case are clear enough to warrant the conclusion that the issuance of the statutory notice of deficiency was not substantially justified. Petitioners argue that the notice of deficiency is the "position of the United States" within the meaning of section 7430(c)(4)(A) which was not substantially justified because it violated section 6225 of the partnership audit and litigation procedures, section 6221 et seq. Petitioners' argument is based on an application of the statute that we have since rejected.

The time for ascertaining whether respondent's position was not substantially justified has been held, as to section 7430(c)(4)(A), to be subsequent to the filing of the petition. *Sher v. Commissioner*, 89 T.C. 79 (1987). The "position of the United States" in the civil proceeding within the meaning of section 7430(c)(4)(A) applies only to respondent's position after a civil proceeding has been commenced by a timely filed petition because the petition, not the statutory notice of deficiency, commences the civil proceeding. A

---

[2]Petitioners also argue that respondent's response to petitioners' motion for award of litigation costs was in effect a motion to reconsider, vacate, or revise our opinion that respondent's actions were not substantially justified and as such was not timely filed. See Rules 161, 162, Tax Court Rules of Practice and Procedure. Because our comment in our prior opinion was not a holding, the response was not a motion to reconsider, vacate, or revise an opinion and was timely filed.

subsequent answer, motion, or objection by respondent normally reveals "the position of the United States." Respondent's position in issuing a notice of deficiency to petitioners is normally not a "position taken by the United States in the civil proceeding." Sec. 7430(c)(4)(A). Petitioners concede that respondent's position in this case after the petition was filed was substantially justified. Once he received the administrative file which confirmed that petitioners' position was correct, respondent promptly conceded the case. Compare *Steiha v. Commissioner*, 89 T.C. 784 (1987), in which respondent's lack of diligence in reviewing the administrative file in light of the taxpayers' allegations and this Court's opinion in *Sparks v. Commissioner*, 87 T.C. 1279 (1986), filed soon after the motion to dismiss, led us to conclude that respondent's position was not substantially justified.

Petitioners further argue that "the position of the United States" in this case is set forth in the notice of deficiency because of "administrative inaction" by the district counsel. Sec. 7430(c)(4)(B). The Tax Reform Act of 1986, sec. 1551(e), 100 Stat. 2753, amended section 7430 to provide that "position of the United States" includes "any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Sec. 7430(c)(4)(B). Petitioners argue that respondent's counsel, pursuant to Rev. Proc. 84-84, 1984-2 C.B. 782, was administratively involved in this case and, consequently, counsel's failure to review the statutory notice for legal sufficiency was "an administrative * * * inaction by the District Counsel" that gave rise to the "position of the United States" expressed in the notice of deficiency.[3] The scope of district counsel's administrative involvement in a tax shelter project pursuant to Rev. Proc. 84-84 is broadbrush. District counsel renders advice on whether suggested "abusive tax shelter" promotions should be subject to the section 6700 penalty or recommended to the Justice Department for an injunction action pursuant to section 7408. District counsel's involvement at that level

---

[3]Respondent's counsel has represented to us that district counsel did not review the statutory notice of deficiency in this case.

does not address individual case procedures or the details of whether a notice of deficiency should be issued. No matter how wise it might have been to have district counsel review the notice of deficiency prior to issuance, we will not second guess respondent's administrative actions. We refuse to sit as the tax administrator which we would be doing if we deemed the existence of an "administrative inaction" by district counsel in this case. We conclude, therefore, that there was in this case no administrative inaction by district counsel that led to the issuance of the legally insufficient notice of deficiency.

Petitioners have failed to show that the "position of the United States" was not substantially justified in this civil action. They are, therefore, not prevailing parties and not entitled to an award of litigation costs.

To reflect the foregoing,

*Petitioners' motion for award of litigation costs will be denied.*