DONALD R. COFFEY and JANIS I. COFFEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coffey v. Commissioner
Docket No. 15942-86.
United States Tax Court
T.C. Memo 1988-78; 1988 Tax Ct. Memo LEXIS 132; 55 T.C.M. (CCH) 226; T.C.M. (RIA) 88078; February 24, 1988. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) of the Code. [1] This case is before the Court on petitioners' Motion For Litigation Costs filed on January 8, 1987, pursuant to section 7430 and Rule 231. [2] The issues for decision are (1) whether respondent's position in the civil proceeding was not substantially justified, and, if so, (2) the amount of litigation costs to be awarded. [3]
BACKGROUND On May 23, 1985, respondent sent petitioners a 30-day letter. On June 19, 1985, petitioners' attorney sent a protest letter requesting an appellate *134 conference. On July 3, 1985, respondent's Dallas District Office received petitioners' Power of Attorney and Declaration of Representative Form 2848 (Power of Attorney.) The form indicated that the law firm of Brice, Mankoff & Barron would represent petitioners with respect to their 1978-1982 tax years and that all written communications, including notices of deficiency, should be sent to the firm. On August 29, 1985, respondent issued a statutory notice of deficiency to petitioners for each of the tax years 1978 and 1981. Each statutory notice of deficiency was sent to petitioners at their residence. Petitioners were on vacation and never received the statutory notices of deficiency. Neither statutory notice of deficiency was sent to petitioners' attorneys. On January 3, 1986, respondent assessed the deficiencies and sent a notice and demand for the tax and interest due. On March 14, 1986, petitioners sent a letter to the Austin Service Center requesting a copy of any notice of deficiency that had been issued, or an explanation of the assessment. Petitioners enclosed a copy of the Power of Attorney. On March 28, 1986, respondent sent a notice that the payment was past due, *135 and on April 2, 1986, petitioners sent another letter requesting an explanation. On April 7, 1986, respondent acknowledged petitioners' March 14, 1986, letter and requested time to investigate the problem… Additionally, respondent indicated that an answer should be forthcoming by May 19, 1986. On May 27, 1986, petitioners filed their petition claiming that neither statutory notice of deficiency had been sent to petitioners' last known address pursuant to section 6212(a) and (b). Respondent's attorney was unable to locate the administrative file and, on August 5, 1986, received an extension of time in which to file an answer. In September 1986, petitioners began discovery which continued throughout the proceeding. Further, during September petitioners' counsel met with counsel for respondent. On September 8, 1986, respondent filed a Motion to Dismiss for Lack of Jurisdiction (Motion to Dismiss). Respondent claimed that the petition was not timely filed since it was filed 271 days after the statutory notices of deficiency were mailed. Respondent also claimed that the statutory notices of deficiency were mailed to petitioners' last known address, their residence. On September 15, 1986, petitioners *136 filed a Notice of Objection in which they claimed that "Respondent had been previously furnished with clear and concise notification that [their residence] was not Petitioners' 'last known address' within the meaning of I.R.C. sec. 6212(b)." However, petitioners made no reference to the Power of Attorney. On October 7, 1986, petitioners' counsel told counsel for respondent that the basis of petitioners' claim was that petitioners had submitted a Power of Attorney prior to the issuance of either statutory notice of deficiency. On October 8, 1986, petitioners requested, in writing, that respondent acknowledge receipt of the Power of Attorney. On October 14, 1986, respondent filed a response to the Notice of Objection claiming there was nothing in the administrative file indicating that petitioners' last known address was anywhere but their residence. On October 15, 1986, petitioners filed a supplemental memorandum indicating that, pursuant to the Power of Attorney filed in Dallas, the notices should have been sent to their attorneys. Petitioners attached a copy of the Power of Attorney to their memorandum. A hearing on Respondent's Motion to Dismiss was *137 scheduled for December 8, 1986. In response to petitioners' written questions, on November 10, 1986, respondent's counsel verified that the Power of Attorney had been received by respondent's Examination Support Staff. On November 24, 1986, petitioners filed a Motion to Dismiss for Lack of Jurisdiction (Motion) on the basis that respondent failed to send the statutory notices of deficiency to petitioners last known address. During the hearing on December 8, 1986, respondent withdrew his Motion to Dismiss and did not object to the granting of petitioners' Motion. On December 17, 1986, the Court granted petitioners' Motion and entered an Order of Dismissal for Lack of Jurisdiction. [4] On January 8, 1987, petitioners' Motion For Litigation Costs was filed with the Court. On July 16, 1987, petitioners' counsel notified the Court, inter alia, that respondent was still attempting to collect the deficiencies. Petitioners note that their counsel was required to respond to the letters from respondent. Petitioners claim that they are entitled to be compensated *138 for these additional costs. DISCUSSION Pursuant to section 7430(a) a prevailing party in civil tax proceedings may be awarded a judgment for reasonable litigation costs. The parties agree that petitioners were the "prevailing party," provided we find that respondent's position in the civil proceeding was not substantially justified under section 7430 (c) (A) (i). Petitioners claim that respondent's position was not substantially justified because, under case law, the Power of Attorney gave notice to respondent of a change in their last known address. Petitioners argue that we must consider all administrative actions of respondent in determining whether his position was substantially justified. Specifically, petitioners request us to reconsider our position in Sher v. Commissioner,89 T.C. 79 (1987), wherein we held that under section 7430, as amended by the Tax Reform Act of 1986, the only pre-petition administrative actions that we may consider are those of District Counsel. Sher v. Commissioner,89 T.C. at 86. We disagree with petitioners and decline their invitation to reconsider our position. We believe the statute is clear in stating *139 that the relevant activity is "any administrative action or inaction by the District Counsel of the Internal Revenue Service * * *." Section 7430 (c) (4) (B). See Weiss v. Commissioner,89 T.C. 779 (1987); see also Shifman v. Commissioner,T.C. Memo. 1987-347. Petitioners argue that such a literal interpretation frustrates the purpose of the amendment. To determine the meaning of a statute, we may look to its legislative history even when the statutory language is clear. U.S. Padding Corp. v. Commissioner,88 T.C. 177, 184 (1987). However, where a statute is clear on its face, we would require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used in the statute. Huntsberry v. Commissioner,83 T.C. 742, 747-748 (1984). One reason for amending section 7430 in 1986 was to more closely conform section 7430 to the Equal Access to Justice Act., H. Rept. (Conf.) 99-841 (1986), 1986-3 C.B. (Vol. 4) 1, 801. Under the Equal Access to Justice Act, examination of the prelitigation conduct of the "agency" is permitted. 28 U.S.C. (1982) section 2412 *140 (d) (2) (D). However, an analogous provision, proposed in the Senate Amendment, was not adopted in the amendments to section 7430 (c) (4) (B). Instead, the statute specifies that we examine the activity of District Counsel. We have found no legislative history which clearly supports petitioners' interpretation that we should examine all pre-petition activity. See Shifman v. Commissioner, supra.Accordingly, we will continue to abide by the plain meaning of the statute and limit ourselves to an examination of the activity of District Counsel. In this instance, District Counsel was not involved until after the petition was filed. Although the petition was filed on May 27, 1986, District Counsel was not notified that petitioners were relying on a Power of Attorney to support their last known address argument until October 1986. By November 10, 1986, respondent was able to confirm that an effective Power of Attorney had been filed. On December 8, 1986, respondent, in effect, conceded the case. We believe that the case would have been resolved sooner had petitioners chosen to inform respondent about the Power of Attorney at an earlier date. We do not find that *141 respondent's position was unjustified when he conceded the case within a month after verifying that petitioners had properly filed a Power of Attorney. Petitioners argue that respondent "always had the facts which showed that his position was untenable," and that the case should have been conceded once the petition was filed. In effect, petitioners wish to charge District Counsel with constructive notice of the filed Power of Attorney. Although it is true that the Power of Attorney was misplaced by respondent, we find it difficult to require District Counsel to concede a case when examination of the administrative file does not suggest that documents are missing or that respondent's position is untenable. Further, we cannot fault respondent for filing the Motion to Dismiss for Lack of Jurisdiction when it was clear from the administrative file that a timely petition had not been filed pursuant to section 6213. We also note that petitioners did not apprise District Counsel of the Power of Attorney until October 1986, after petitioners' inspection of the administrative file. We do not think that petitioners should be awarded litigation costs when they were not forthright in their *142 discussions with respondent. [5] Although petitioners were not required to provide respondent with a copy of the Power of Attorney, we do not expect respondent to concede cases upon petitioners' apparently unsupported assertions. Accordingly, we find that petitioners are not entitled to an award for litigation costs incurred during the civil proceeding. Finally, petitioners seek an award of costs attributable to respondent's post-litigation conduct. We do not believe that such a claim is appropriate. Section 7430(a) specifies that an award may be made for "reasonable litigation costs incurred in such [civil] proceeding." The civil proceeding in this Court was for a redetermination of deficiencies. Petitioners incurred these post-litigation costs objecting to the assessment which was not before the Court. Accordingly, petitioners' motion for litigation costs will be denied. *143 An appropriate order will be entered.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1986, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Respondent initially denied, for lack of knowledge, that petitioners satisfy the net worth requirement of section 7430 (c) (2) (A) (iii). Petitioners submitted affidavits claiming satisfaction of this requirement. Since respondent has not further contested this issue, we deem it abandoned. ↩
4. On March 9, 1987, the Court's order was vacated to allow the Court to rule on petitioners' Motion for Litigation Costs. ↩
5. We are not commenting on any right petitioners may have to defer a response to discovery until their discovery is answered. See Zaentz v. Commissioner,73 T.C. 469, 479↩ (1979), or implying that petitioners must suppress their right to discovery to receive litigation costs.