ESTATE OF BERTHA B. MOSHER, DECEASED, JAY M. MOSHER, JR., AND ARLENE M. SIEMERS, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Mosher v. Commissioner
Docket No. 18283-84.
United States Tax Court
T.C. Memo 1988-448; 1988 Tax Ct. Memo LEXIS 474; 56 T.C.M. (CCH) 257; T.C.M. (RIA) 88448; September 20, 1988. Thomas R. Beirne, for the petitioner. Laurence A. Hoch and Bernard Goldstein, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: This matter is before the Court on petitioner's Motion for Recovery of Litigation Costs Pursuant to Rule 232, [1] filed February 29, 1988. Respondent, *475 upon the order of this Court, filed a written response dated July 27, 1988, to petitioner's motion. FINDINGS OF FACT On July 29, 1981, petitioner filed its Federal estate tax return, Form 706, which indicated that the estate had stock and property valued at $ 751,747. On July 26, 1983, petitioner served written notice on respondent that he intended to amend the values reported in the Federal estate tax return for certain of the estate's assets. Specifically, the letter indicated that the amended value of the previously valued stock and real property was $ 559,135. On April 5, 1984, respondent issued a statutory notice of deficiency to petitioner upon which this case is based. In that statutory notice of deficiency, respondent determined that petitioner's assets had a value of $ 877,831. A summary of the disputed property values is as follows: Description of
Petitioner's
Amended
Statutory
Property
Original Value
Value
Notice
Amwell Township,
Washington
County, PA
$ 54,000
$  54,000
$ 60,000
Spring Valley Rd.,
Yorktown Heights,
NY
15,700
13,700
18,630
Saw Mill River Rd.,
Greenburgh, NY
96,795
87,684
123,975
130 Westchester Ave.
White Plains, NY
192,326
56,326
192,326
Primrose Street
Somers, NY
Lot 22C
144,500
125,000
152,543
Lot 22E
126,500
116,000
167,457
$ 271,000
$ 241,000
$ 320,000
50 Shares of
Mosher Corp. Stock
Federal Building
(50% interest)
47,174
43,425
67,950
Frito-Lay Building
(50% interest)
74,752
63,000
94,950
$ 751,747
$ 559,135
$ 877,831
*476 On May 10, 1984, petitioner filed an amended estate tax return in which it incorporated the revaluation it set forth in its letter to respondent dated July 26, 1983. On June 11, 1984, petitioner filed a timely petition with this Court in which petitioner contested respondent's valuation of the above -- mentioned stocks and properties and claimed that the values set forth in its amended estate tax return were correct. Following trial, a Memorandum Opinion was filed by the U.S. Tax Court. [2] In that opinion, the Court relied upon appraisals submitted by appraisers for petitioner and respondent. Petitioner's appraiser determined that the properties in the estate and still in controversy had a value of $ 482,551. Respondent's appraiser set the value at trial at $ 683,926. The Court determined that the assets at issue had a value of $ 658,876. A breakdown of the values set forth by each party is as follows: Description of
Petitioner's
Respondent's
The Court's
Property
Value at Trial
Value at Trial
Value
Amwell Township,
Washington
County, PA
$ 57,000 $ 57,000 $ 57,000 (not
determined by Court)
Spring Valley Rd.,
Yorktown Heights,
NY
15,700 15,700 15,700 (not
determined by Court)
(72,700)
(72,700)
(  (72,700)
Saw Mill River Rd.,
Greenburgh, NY
78,800 98,500 $   88,650 130 Westchester Ave.
White Plains, NY
56,326 151,326 143,326 Primrose Street
Somers, NY
Lot 22C
125,000 160,000 160,000 Lot 22E
116,000 140,000 140,000 50 Shares of
Mosher Corp. Stock
Federal Building
(50% interest)
43,425 56,700 54,450 Frito-Lay Building
(50% interest)
63,000 77,400 72,450 In controversy
$ 482,551 $ 683,926 $  658,876 Total
($ 555,251)
($ 756,626)
($ 731,576)
*477 On February 29, 1988, petitioner filed a motion for recovery of litigation costs. On July 27, 1988, respondent filed a response to petitioner's above-referenced motion. Petitioner contends that it substantially prevailed because this entire controversy was initiated by the filing of a notice of deficiency, and the deficiency was eliminated in its entirety by this Court's opinion. Petitioner further contends that the position of the Commissioner was unreasonable because the Commissioner failed to hire a competent real estate appraiser until the eve of the trial, which then resulted in the virtual elimination of the deficiency. Respondent counters that this is not a correct evaluation of the relevant facts or legal standards. OPINION A taxpayer that has substantially prevailed in a civil tax proceeding may be awarded a judgment of reasonable litigation costs incurred in such proceeding. Section 7430(a). [3] In order for a taxpayer to be entitled to such an award, the taxpayer must be the "prevailing party" by establishing 1) that he substantially prevailed with respect to either (a) the amount *478 in controversy or (b) the most significant issue or set of issues presented, sections 7430(c)(2)(A); and 2) that the position of the United States in the civil proceeding was unreasonable. Section 7430(c)(2). We look first to determine whether petitioner substantially prevailed in its litigation. The issue before the Court was the correct value of the properties on the date of decedent's death for estate tax purposes. A comparison between the parties' values at the time of trial and this Court's ultimate valuation for each of the properties in question reveals that the respondent, rather than petitioner, substantially prevailed with respect to the amount in controversy. With respect to the property located at 130 Westchester Avenue, we determined that the property had a value of $ 143,326, much greater than petitioner's amended value *479 of $ 56,326 and only slightly less than respondent's value of $ 151,326. With respect to the Primrose Street properties, we rejected petitioner's appraisal and accepted respondent's appraisal to the penny for both Lots 22C and 22E -- $ 160,000 and $ 140,000, respectively. This was $ 59,000 greater than petitioner's appraised value. With respect to the shares of Mosher corporation stock which was comprised of a 50-percent interest in the Federal Building and 50-percent interest in the Frito-Lay Building, petitioner concluded it had an overall value of $ 106,425 not including discounts. Respondent determined a total value for these properties' interests of $ 134,100. We determined that the proper value was $ 126,900 less discount. In summary, at the time of trial, petitioner claimed that the total fair market value in dispute was $ 555,251, whereas respondent claimed that the fair market value of these properties was $ 756,626. We held, that the disputed properties' fair market value was $ 731,576. Therefore, respondent substantially prevailed with respect to the value amounts in controversy, i.e., the issues in this case based on the appraisals presented at trial and adopted by *480 this Court for its analysis and decision. Petitioner, however, claims that for purposes of determining whether it substantially prevailed, the proper amount to review is the amount of tax due on the original estate tax return. Therefore, petitioner continues, as the original estate tax return indicated a total estate tax of $ 239,856, whereas the estate tax determined under this Court's decision is approximately $ 207,696, petitioner substantially prevailed because the Court's opinion created a "negative deficiency," also known as an overpayment. That being the case, respondent's notice of deficiency was in error. This is not the correct analysis. A civil proceeding is commenced in the U.S. Tax Court only when a taxpayer files a timely petition in response to a statutory notice of deficiency. See Section 6213(a); Tax Court Rule 20(a). When petitioner filed its petition with this Court, it claimed that the proper values for the properties in dispute were the values set forth in its amended estate tax return, not its original return. Therefore, petitioner's legal position at the time this proceeding was commenced, which is set forth in petitioner's amended estate tax return, *481 rather than petitioner's legal position at the time it filed its original estate tax return, must be reviewed to determine whether petitioner substantially prevailed. The most significant set of issues with respect to the litigation were the values of the properties of the estate, and respondent's appraisals were determined to be more accurate. That the estate tax due is less than shown on the original estate tax return or the notice of deficiency has little bearing on this result. We recognize that it has recently been determined by the Court of Appeals for the Second Circuit, the court to which this case is appealable, that section 7430 allows an examination of both prelitigation and litigation positions in determining whether respondent acted reasonably in pursuing the litigation in light of what he knew at the time the litigation was commenced. See Weiss v. Commissioner,850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987). [4] See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). In Weiss, however, respondent had conceded *482 that the taxpayer had substantially prevailed and the only issue before the Court was whether respondent's position was substantially justified. Therefore, Weiss does not stand for the proposition that in determining whether the taxpayer substantially prevailed, a court must examine respondent's administrative position, or in this case, his notice of deficiency. Even assuming, however, that respondent's legal position was the position set forth in the statutory notice, respondent still substantially prevailed in the Tax Court proceeding. Petitioner claimed in its amended estate tax return that the total fair market value of the property in dispute was $ 555,251, whereas respondent claimed in the statutory notice that the fair market value of the property in dispute was $ 877,831. Since this Court held that the fair market value of the above-mentioned property was $ 731,576, again it is clear that respondent substantially prevailed *483 in the Tax Court proceeding. [5]
For all of the above reasons, petitioner did not "substantially prevail" in the Tax Court proceeding. While we need not examine the reasonableness of respondent's position to make our determination, we note that we find respondent's actions reasonable in light of the facts of this case. Valuation of property by the Court is often possible only through "Solomon-like pronouncements." Symington v. Commissioner,87 T.C. 892, 904 (1986); Buffalo Tool & Die Mfg. Co. v. Commissioner,74 T.C. 441, 452 (1980). We must rely to a great degree upon the appraisals set forth by the parties, if convincing. In the instant case, petitioner's appraiser reapraised the property in 1983 in order to account for "new considerations," resulting in an amended estate tax return which listed a much lower value than on the original return for each property in dispute. Respondent *484 had the property appraised after petitioner's July 26, 1983 letter was received and listed the values in his notice of deficiency. Respondent later reappraised the property prior to trial using a local appraiser who was more familiar with land values in that area. Respondent's willingness to re-evaluate his own position as new facts came to light or as more time was available was reasonable under the circumstances. This is particularly so based on the difficult issue of valuation involved, which is only highlighted by petitioner's constant reappraisals. See Frisch v. Commissioner,87 T.C. 838, 841 (1986). Petitioner is not entitled to litigation costs. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. See Estate of Mosher v. Commissioner,T.C. Memo. 1988-24↩. 3. In this case, we are dealing with section 7430 as enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, which is effective for tax litigation cost awards in tax cases filed after February 28, 1983, and prior to January 1, 1986. Section 7430 was subsequently amended by the Tax Reform Act of 1986. ↩
4. Although Weiss↩ was decided under section 7430, as amended by the Tax Reform Act of 1986, the Court stated that its decision was equally applicable to section 7430, as amended by the Tax Equity and Fiscal Responsibility Act of 1982. 5. Since this Court held that the fair market value of the property in dispute was $ 731,576, which is $ 146,255 under respondent's value, and $ 176,325 over petitioner's value, then respondent substantially prevailed with respect to the amount in controversy. ↩