THEODORE W. LIBBEY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Libbey v. Commissioner
Docket No. 14831-87.
United States Tax Court
T.C. Memo 1988-504; 1988 Tax Ct. Memo LEXIS 531; 56 T.C.M. (CCH) 529; T.C.M. (RIA) 88504; October 19, 1988; As amended November 3, 1988 John P. Warner, for the petitioner. [Text Deleted By Court Emendation] Karen A. Rose, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rules 180, 181 and 182. [1] It is before the Court on petitioner's Motion for Award of Litigation Costs pursuant to section 7430 and Rule 231. By notice of deficiency dated February 27, 1987, respondent determined a deficiency of $ 1,138 in petitioner's 1982 Federal income tax. The deficiency was based on respondent's disallowance of *533 a $ 17,154.78 deduction claimed by petitioner for rent, meals, and travel expenses he incurred while working in New York City for the New York Times. In our opinion filed June 7, 1988, T.C. Memo. 1988-254, we found that petitioner's tax home was Washington, D.C., that he was temporarily employed in New York during 1982, that the expenses were incurred while petitioner was "away from home" and were therefore deductible under section 162(a)(2). Petitioner resided in New York, New York, when he timely filed his petition on May 28, 1987. Petitioner filed his motion herein on July 7, 1988, seeking an award of $ 5,751 for litigation costs. Pursuant to Rule 231, the motion was accompanied by an affidavit in support of the costs claimed. Respondent filed his response thereto on September 7, 1988. We do not find it necessary to hold an evidentiary hearing on this matter. Section 7430(a) provides that a taxpayer who is the prevailing party in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. To qualify as the prevailing party, the taxpayer must (1) establish that the position of the United States in the civil proceeding *534 was not substantially justified, sec. 7430(c)(2)(A)(i); [2] (2) have substantially prevailed in the litigation, sec. 7430(c)(2)(A)(ii); and (3) have a net worth which did not exceed $ 2,000,000 at the time the civil proceeding was initiated, sec. 7430(c)(2)(A)(iii). [3] Litigation costs will not be awarded under Section 7430(a) if the Court determines that the prevailing party has not exhausted the administrative remedies available to such party within the Internal Revenue Service. Sec. 7430(b)(1). No award for litigation may be made with respect to any part of the proceeding during which the prevailing party unreasonably protracted the proceeding. Sec. 7430(b)(4). All of these conjunctive requirements must be met for an award to be made. Egan v. Commissioner, 91 T.C.   (Sept. 28, 1988); Sher v. Commissioner,89 T.C. 79 (1987); Minahan v. Commissioner,88 T.C. 492 (1987). *535 The issue presented for our consideration is whether respondent's position was substantially justified.[4] Petitioner bears the burden of proof on this issue. Stieha v. Commissioner,89 T.C. 784, 790 (1987); Rule 142(a). The substantially justified standard of section 7430(c)(2)(A)(i) is essentially a continuation of the reasonableness standard from prior law. Stieha v. Commissioner, supra. at 786; Sher v. Commissioner,89 T.C. 79 (1987). Our inquiry considers whether respondent's position was reasonable in both fact and law, and requires an examination into the facts and circumstances. Sher v. Commissioner, supra at 84-85. The phrase "position of the United States" as defined in section 7430(c)(4) includes: (A) the position taken by the United States *536 in the civil proceeding, and (B) any administrative action or inaction by District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. Since any appeal in the present case would lie to the United States Court of Appeals for the Second Circuit, we are bound to follow Weiss v. Commissioner,850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987). Golsen v. Commissioner,54 T.C. 742, 756-758 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). The Weiss court held that the phrase "position of the United States" includes respondent's position in the statutory notice of deficiency issued to petitioner. Weiss v. Commissioner, supra at 115. The following background and sequence of events provide the context for our holding that respondent's position in the notice of deficiency and throughout the trial was substantially justified, i.e., reasonable. Petitioner was born and raised in the Washington, D.C. area. Aside from attending Yale University in Connecticut and Stanford *537 University in California, he lived and worked in the Washington, D.C. area all his life. Petitioner was the music critic for the Washington Star from fall 1978 to August 1981 when the newspaper ceased publication. Petitioner began working for the New York Times in October 1981, as a nonstaff, nonsalaried free-lance music critic. At trial, the parties agreed that this was initially a temporary position expected to last 2 or 3 months. After a 3-month period, toward the end of 1981, petitioner sought clarification of his status. At about the same time, discussions toward reorganization began in the department in which petitioner was working. Petitioner was informed of the uncertainty surrounding the reorganization. It was suggested to him that he continue working in the same position for another 2 or 3 months. Again in April 1982, petitioner inquired about his status and again he was given the same information. In July 1982, while covering a concert, petitioner collapsed from heat exhaustion. Because of continuing illness, he returned to Washington, D.C. for medical attention. He subsequently requested a leave of absence from the newspaper, which was given without pay. *538 The newspaper would not guarantee that the position would be held open for him if and when he wanted to return. In December 1982, petitioner telephoned the New York Times stating that he felt able to return to work. He was informed that his former position had been filled and that there was no position available to him. By notice of deficiency dated February 27, 1987, respondent determined a deficiency of $ 1,138 in petitioner's 1982 Federal income tax. Respondent based this deficiency on the disallowance of a $ 17,154.78 deduction claimed by petitioner for rent, meals, and travel expenses which petitioner incurred while working in New York City. Respondent's explanation of items attached to the notice of deficiency described the reason for the disallowance as follows: New York City was your home for tax purposes while you were working for the New York Times in that city. Therefore, you are not entitled to "travel expenses away from home" within the meaning of section 162 of the Internal Revenue Code(IRC). Consequently, the deductions for living expenses and transportation expenses for 1982 are not allowable because these amounts were for personal *539 living expenses within the meaning of IRC Section 262 and taxable income is increased $ 17,154.78. At trial, respondent contended that petitioner's employment became indefinite when it was extended beyond January 1, 1982. In support of his position, respondent relied on Norwood v. Commissioner,66 T.C. 467 (1976). We held that "Employment which is originally temporary may become indefinite due to changed circumstances, or simply by the passage of time." Norwood v. Commissioner, supra at 470, citing to Kroll v. Commissioner,49 T.C. 557, 562 (1968), and Garlock v. Commissioner,34 T.C. 611, 615 (1960). Respondent's position throughout the proceeding in this matter was that petitioner's initial "temporary" employment became "indefinite" when it was extended beyond January 1, 1982. Respondent argues that petitioner could reasonably assume that he may have remained in his position indefinitely. Respondent acknowledged the uncertain state of affairs caused by the reorganization process. However, in respondent's view, the impending personnel and organizational changes did not signify the abolishment *540 of the free-lance position held by petitioner. Respondent drew an analogy to the facts presented in Norwood and argued that petitioner would have been able to continue working for an indefinite period of time had it not been for his illness and his decision to recuperate in Washington, D.C… Petitioner now contends that the position taken by respondent was not substantially justified in that neither the Appeals officer nor the trial attorney challenged petitioner's statements and beliefs as to his connections to and continuing contacts with Washington, D.C., the nature of his position with the New York Times, and the sequence of events that occurred during his tenure at the New York Times. Petitioner maintains that the unreasonableness of respondent's position is further demonstrated by the fact that such position apparently contravened the government's own interpretation of the law as set forth in Rev. Rul. 83-82, 1983-1 C.B. 45. However, this ruling specifically states that, "where a taxpayer anticipates employment to last for less than one year, whether such employment is temporary will be determined on the basis of the facts and circumstances." Rev. Rul. 83-82, 1983-1 C.B. 45. *541 Having examined all the facts and circumstances, we find that respondent's position in the notice of the deficiency and throughout the trial was substantially justified both in fact and in law. Respondent did not challenge the truth of petitioner's statements per se; rather, respondent interpreted the legal significance of the statements differently from petitioner. The parties agreed that petitioner's initial employment for 2 or 3 months was temporary in nature. Their positions diverged as to the significance of the extensions within the context of the departmental reorganization. In support of his position, respondent called as a witness the person who became the Culture Editor, in charge of petitioner's work, during the summer of 1982. To the best of his recollection and belief, the witness testified as to his assumption that petitioner could have remained in his position indefinitely had he not become ill and returned to Washington, D.C. This testimony, we believe, shows that respondent's position had a reasonable basis in fact. There is authority for the proposition that employment, even if temporary in its inception, may become indefinite due to changed circumstances *542 or simply the passage of time. Norwood v. Commissioner, supra at 470; Kroll v. Commissioner, supra at 562; Verner v. Commissioner,39 T.C. 749, 754 (1963); Garlock v. Commissioner, supra at 616. Respondent obviously saw the facts of petitioner's employment as analogous to those presented in previous cases. We do not find such an analogy to be unreasonable even though we disagreed with it. We believe that this authority shows that respondent's position had a reasonable basis in law. Finally, the determination of when a job is temporary or indefinite is made difficult by the myriad of cases on this subject, all turning upon consideration of the specific facts and circumstances of each case. Tucker v. Commissioner,55 T.C. 783, 786 (1971). The problem in such cases is to determine where to draw the line between a temporary assignment and one that is so indefinite as to justify a belief in its permanence and require the taxpayer to move his residence to the site of his employment. See Michaels v. Commissioner,53 T.C. 269 (1969) and cases cited therein. An analysis of the cases *543 reveals that "neither reconciliation nor deduction of a universally applicable rule is possible." Whitman v. United States,248 F. Supp. 845, 850 (W.D. La. 1965). Therefore, the Court must weigh the particular facts of each case to determine on which side of the line the case falls. After the trial of the case, having heard the testimony of petitioner and respondent's witness, and having weighed the evidence, we concluded that petitioner's position was correct. The mere fact that respondent's evidence failed to persuade the trier of fact does not mean that respondent's position was not justified. Baker v. Commissioner,83 T.C. 822, 828 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). Congress did not intend by enacting section 7430 that every unsuccessful litigant should be chastised for maintaining an "unreasonable" position. See Vanderpol v. Commissioner, 91 T.C.    (Aug. 29, 1988); DeVenney v. Commissioner,85 T.C. 927, 931 (1985). We conclude that respondent's position in the notice of deficiency and at trial was substantially justified, and that petitioner is not entitled *544 to litigation costs pursuant to section 7430. Since we conclude that petitioner is not entitled to litigation costs, we need not consider the issue whether petitioner failed to prove that his net worth was less than $ 2,000,000 under section 7430(c)(2)(A)(iii) and we need not consider the issue whether the amount of claimed litigation costs were reasonable. An appropriate order and decision will be entered.
Footnotes
1. Except as otherwise indicated all section references are to sections of the Internal Revenue Code of 1954 in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 7430(c)(2)(A)(i) was amended by section 1551 (d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 and applies to amounts paid or incurred after September 30, 1986, in civil actions or proceedings commenced after December 31, 1985. Prior law required the taxpayer to prove the United States' position "was unreasonable." ↩
3. Section 7430(c)(2)(A)(iii) was added by section 1551(d)(2) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, and applies to amounts paid after September 30, 1986, in civil actions or proceedings commenced after December 31, 1985. ↩
4. Respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and that petitioner exhausted the administrative remedies available within the Internal Revenue Service. Respondent also contends that petitioner did not prove that his net worth did not exceed $ 2,000,000 at the time the civil proceeding was initiated. ↩