HUNG QUANG NGUYEN AND DIA THI NGUYEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nguyen v. Commissioner
Docket No. 26252-88
United States Tax Court
T.C. Memo 1990-72; 1990 Tax Ct. Memo LEXIS 72; 58 T.C.M. (CCH) 1400; T.C.M. (RIA) 90072; February 14, 1990
James G. R. Smith, for the petitioners. David B. Mora, for the respondent. WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: This case is before the Court to decide petitioners' motion for litigation costs. The sole issue is whether petitioners are entitled to an award of litigation costs, pursuant to section 7430 of the Internal Revenue Code. All section references made herein are to the Internal Revenue Code, as amended. FINDINGS OF FACT
Our findings of fact are based on petitioners' motion, respondent's response thereto, and the other pleadings filed by the parties. Both parties requested a hearing on petitioners' motion but our review of the record does not reveal a bona fide factual dispute or any other reason to require an evidentiary hearing. See Rule 232(a), Tax Court Rules of Practice and Procedure.
Respondent *74 issued a notice of deficiency in which he determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to tax
Taxable year
Deficiency Under Section 6661
1985
$ 111,220.38
$ 27,724.09
1986
49,487.23
12,275.05
In computing the above amounts, he disallowed certain expenses from petitioners' shrimping and grocery store businesses claimed as deductions on their tax returns for the subject years. After the notice was issued, petitioners retained James G. R. Smith, Esquire, to represent them. Mr. Smith promptly wrote to respondent's agent, Mr. Steve Maki, requesting a conference. Mr. Maki responded by stating that petitioners had already been given "every reasonable opportunity" to allow respondent to determine their correct tax liability. Mr. Maki advised petitioners to file a petition with this Court if they disagreed with the determination set forth in the notice of deficiency. Petitioners filed the petition in this case on October 11, 1988, at which time they resided in Houston, Texas. Shortly after respondent filed his answer, the case was assigned to Mr. Ronald E. Hanson, an appeals officer in respondent's *75 Appeals Division. Mr. Hanson scheduled an initial conference with Mr. Smith for January 5, 1989. During that meeting, Mr. Smith presented numerous documents, including invoices and microfiche bank records, to substantiate the deductions claimed on petitioners' returns. The expenditures shown on the newly provided documents had not been reconciled to the amounts claimed on the returns. After such amounts were reconciled and a detailed accounting summary of the documents had been prepared by respondent's agents, Mr. Hanson again met with Mr. Smith on April 19, 1989. At that meeting, Mr. Smith provided additional documents to Mr. Hanson and the two of them reached a tentative agreement to settle the case. On May 4, 1989, Mr. Hanson mailed a decision document to Mr. Smith for signature. Mr. Smith signed and returned it to the Internal Revenue Service on May 12, 1989. The decision document was submitted to the Court on May 15, 1989, showing deficiencies in, and additions to, petitioners' Federal income tax as follows: Additions to tax
Taxable Year
Deficiency
under section 6661
1985
$ 11,289
$ 2,822
1986
3,174 -0-
The Court entered decision *76 on May 23, 1989, based on the decision document thus submitted. After petitioners filed the subject motion for litigation costs, we vacated our decision and ordered respondent to file a response. OPINION Section 7430(a) authorizes the Court to award reasonable litigation costs to taxpayers who prevail against the government in civil tax litigation. This provision was originally enacted in 1982 and has been amended twice. [1] The version of the provision applicable to this case is the one following amendment by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085. It provided as follows: SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) IN GENERAL. -- In *77 the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding. (b) LIMITATIONS. -- (1) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED. -- A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. * * * (4) COSTS DENIED WHERE PARTY PREVAILING PROTRACTS PROCEEDINGS. -- No award for reasonable litigation costs may be made under subsection (a) with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. (c) DEFINITIONS. -- For purposes of this section -- (1) REASONABLE LITIGATION *78 COSTS. -- (A) IN GENERAL. -- The term "reasonable litigation costs" includes -- (i) reasonable court costs, and (ii) based upon prevailing market rates for the kind or quality of services furnished -- * * * (III) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding, except that such fees shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate. * * * (2) PREVAILING PARTY. -- (A) IN GENERAL. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was not substantially justified, (ii) (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and (iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code *79 (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section). * * * (4) POSITION OF UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. * * * To obtain an award of litigation costs under the above provision, petitioners must prove that they qualify as the "prevailing party" within the meaning of section 7430(a). The definition of that term, contained in section 7430(c)(2), quoted above requires petitioners to establish that: (1) the position of the United States, respondent in the proceeding, was not substantially justified, section 7430(c)(2)(A)(i); (2) they substantially prevailed in the proceeding with respect to the amount in controversy or to the issues presented, section 7430(c)(2)(A)(ii); and, (3) they had *80 a net worth of not more than $ 2 million at the commencement of the proceeding, section 7430(c)(2)(A)(iii). Petitioners must also show that they exhausted the administrative remedies available to them within the Internal Revenue Service, section 7430(b)(1), and that they did not unreasonably protract the civil proceeding, section 7430(b)(4). Petitioners assert that respondent's position in this case was unreasonable because he refused to give petitioners the opportunity, before they filed their petition, to meet with his agents and present documents to substantiate the deductions at issue. Respondent concedes that petitioners substantially prevailed within the meaning of section 7430(c)(2)(A)(ii). Respondent, however, contends that his position was substantially justified and that petitioners did not exhaust their administrative remedies. Respondent further challenges the amount of the attorney's fees sought by petitioners. We agree with respondent that his position was substantially justified within the meaning of section 7430(c)(2)(A)(i). Therefore, we do not reach the other issues raised. The Code does not define the term "substantially justified" but this Court interprets *81 the phrase to require application of a reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Rutana v. Commissioner, 88 T.C. 1329, 1333 (1987). The burden of proof is on the taxpayer to prove that respondent's position was unreasonable. Rule 232(e), Tax Court Rules of Practice and Procedure.
To determine whether respondent's position was "substantially justified," we must look not only to respondent's position in court, but also to "any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Sec. 7430(c)(4). This and other courts have held that, for purposes of section 7430, administrative action or inaction begins no earlier than the point at which respondent's District Counsel becomes involved in the proceeding. Gantner v. Commissioner, 92 T.C. 192, 197 (1989); Egan v. Commissioner, 91 T.C. 705, 712 (1988); Sher v. Commissioner, 861 F.2d 131, 134 (5th Cir. 1988), affg. 89 T.C. 79 (1987); *82 but see Weiss v. Commissioner, 850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987). Otherwise, the phrase "by the District Counsel," added by Congress in the Tax Reform Act of 1986, supra would be written out of section 7430. This conclusion is also consistent with the report of the Joint Committee on Taxation, which states: the "substantially justified" standard is applicable to prelitigation actions or inaction of the District Counsel of the IRS (as well as all subsequent administrative action or inaction, as well as the litigation position of the Government. Prelitigation actions or inaction by the IRS prior to the involvement of District Counsel are not eligible as components of any attorney's fee award. Staff of Joint Comm. on Internal Revenue Taxation, General Explanation of the Tax Reform Act of 1986, at 1300; see also Sher v. Commissioner, 861 F.2d at 134. Respondent states that District Counsel first became involved with this case at the time the petition was filed. Petitioners do not contend otherwise. From that point until the time at which the parties submitted a decision document to the Court, *83 respondent took reasonable steps through his appeals officer to review the substantiation of petitioners' deductions and to determine petitioners' correct tax liability. It is clear that respondent's position in this case after the petition was filed, and District Counsel became involved, was substantially justified. Petitioners' complaint that respondent acted unreasonably in this case is based entirely on the fact that an agent of respondent refused to meet with petitioners' attorney, Mr. Smith. This action took place before the petition was filed and prior to the time when District Counsel became involved in the case. It is outside the scope of the actions to be considered in reviewing the reasonableness of respondent's position. Sec. 7430(c)(4)(A)(i). Moreover, petitioners' motion does not take into account the discussions between respondent's agents and a person who represented petitioners before Mr. Smith was retained. Even if the Court were to look at the full course of discussions between the parties, we could easily conclude that respondent's agents gave petitioners ample opportunity to substantiate the subject deductions, and that respondent's actions were reasonable *84 throughout this proceeding, both before and after District Counsel became involved. Based upon the above, petitioners have failed to satisfy their burden of proving that respondent's position was not substantially justified. To reflect the foregoing, The petitioners' motion for litigation costs will be denied. Footnotes
1. Section 7430↩ was originally enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 573, applicable to proceedings commenced after February 28, 1983. It was amended by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, effective for proceedings commenced after December 31, 1985. Finally, it was again amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, effective for proceedings commenced after November 10, 1988.