JANIE Y. BRICE, F.K.A. JANIE Y. BRATTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brice v. Commissioner
Docket No. 15163-89
United States Tax Court
T.C. Memo 1990-355; 1990 Tax Ct. Memo LEXIS 367; 60 T.C.M. (CCH) 118; T.C.M. (RIA) 90355; July 11, 1990, Filed Janie Y. Brice, pro se. Debra A. Bowe, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on petitioner's Motion for Litigation Costs pursuant to section 7430 and Rule 231. All section references are to the Internal Revenue Code, as amended and in effect for 1989. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT The petition at issue herein was filed with this Court on June 27, 1989. At that time, petitioner was a resident of Citrus Heights, California. During 1982 petitioner was married to Robert Bratton. Without petitioner's knowledge, Mr. Bratton embezzled $ 40,454.52 from his employer during 1982. The couple filed a joint Federal income tax return for the 1982 taxable year and Mr. Bratton reported none of his embezzled income. Petitioner and Mr. Bratton were divorced in December 1983. On May 16, 1989, duplicate *369 notices of deficiency were mailed to petitioner and Mr. Bratton. Respondent determined a deficiency of $ 12,396.00 in petitioner's and her then husband's 1982 Federal income tax. Respondent also determined joint and several liability for additions to tax under sections 6651(a)(1), 6653(a)(1) and (2) and 6661. This deficiency was solely the result of Mr. Bratton's unreported embezzlement income. The above referenced notice of deficiency was the first notice petitioner received concerning the determined deficiency. She had not received a 30-day letter and had not had the opportunity to discuss her situation with respondent by utilizing the administrative appeals process offered by the Internal Revenue Service. On June 27, 1989, petitioner timely filed a petition with this Court. Respondent's agent advised petitioner that the aforesaid action was necessary before respondent would negotiate with petitioner regarding the deficiency. Petitioner alleged in her petition that she was entitled to innocent spouse relief pursuant to section 6013(e). Respondent prepared an Answer to the petition in late August which was due on August 28, 1989. Respondent mailed the Answer to this Court *370 on August 30, 1989. It was returned to respondent without having been filed. Subsequently the Answer was filed out of time on October 25, 1989, after respondent received petitioner's acquiescence to do so pursuant to Rule 50(a). On September 5, 1989, District Counsel sent the administrative file to the appeals office for assignment to an appeals officer in an effort to settle the case prior to trial. On September 21, 1989, the appeals officer assigned to the case telephoned petitioner's attorney and arranged a conference date of October 17, 1989. Between October 4, 1989, and October 21, 1989, documentation relating to the innocent spouse issue was sent to the appeals officer by petitioner and petitioner's attorney. On November 13, 1989, the appeals officer mailed to petitioner's attorney a proposed stipulated decision reflecting respondent's concession that petitioner was an innocent spouse and was not liable for any amounts stated in the notice of deficiency. Petitioner seeks recovery for the following costs and fees incurred from May 22, 1989, through November 28, 1989. R. Luoma
24.7 hrs. at $ 150/hr.
$ 3,705.00
R. Klomparens
1.0 hr. at $ 130/hr.
$   130.00
D. Gelbman
2.0 hrs. at $  40/hr.
$    40.00
L. Mersereau
4.8 hrs. at $  75/hr.
$   360.00
Tax Court Filing Fee
$    60.00
Law Firm Administrative Fees
$   175.25
CPA Firm
$   300.90
TOTAL
$ 4,771.15
*371 OPINION Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3747 (applicable to proceedings commenced after November 10, 1988), provides that the prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service, and reasonable litigation costs incurred in connection with the court proceeding. Any party in any proceeding is considered the prevailing party only if it is established that (1) the position of the United States in the proceeding was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented; and (3) the party in question has a net worth not in excess of 2 million dollars at the time the proceeding was commenced. Sec. 7430(c)(4)(A). Additionally, a judgment for reasonable litigation costs will not be awarded unless we determine that the prevailing party had exhausted the administrative remedies available *372 within the Internal Revenue Service prior to commencing an action in this Court. Sec. 7430(b)(1). Respondent concedes that petitioner has substantially prevailed with respect to the innocent spouse issue which is the most significant issue presented. Respondent also concedes that petitioner has satisfied the requirement that she exhaust administrative remedies available, pursuant to an exception set forth in section 301.7430-1(f)(2), Proced. & Admin. Regs. [1]
*373 The issues remaining are (1) whether the position of the United States in the proceeding was not substantially justified, and (2) whether petitioner had a net worth not exceeding 2 million dollars at the time the petition was filed. In order to determine whether or not the position of the United States is substantially justified, we must determine when the position of the United States was first established. We take judicial notice of conflicting decisions from similar cases by this and other courts regarding the date the position of the United States is established. Cf. Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987); Weiss v. Commissioner, 850 F.2d 111 (2d Cir. 1988), revg. 89 T.C. 779 (1987); Sliwa v. Commissioner, 839 F.2d 602 (9th Cir. 1988); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. (May 8, 1990); Sokol v. Commissioner, 92 T.C. 760, 764 n.8 (1989)(and cases cited therein); Gantner v. Commissioner, F.2d (8th Cir. 1990), affg. 92 T.C. 192 (1989); *374 Egan v. Commissioner, 91 T.C. 705 (1988). [2] We note that these cases have been legislatively superseded on this issue by section 7430(c)(7) which is effective for cases commenced after November 10, 1988. A case is commenced in this Court when the petition is filed. Baker v. Commissioner, 83 T.C. 822, 827 (1984), reversed on other grounds 787 F.2d 637 (D.C. Cir. 1986); Rule 20(a). This case was commenced on June 27, 1989, and, therefore, section 7430(c)(7) is applicable while the above case law is not applicable in deciding the date the position of the United States was established. Pursuant to section 7430(c)(7), the position of the United States is the position *375 taken by respondent in the court proceeding and the administrative proceeding as of the earlier of (1) the date petitioner receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency. The applicable date herein is May 16, 1989, the date of the notice of deficiency. Respondent's position on May 16, 1989, was that petitioner was jointly and severally liable for the deficiency and additions to tax attributable to the unreported embezzlement income. In her petition filed June 27, 1989, petitioner alleged that she was an innocent spouse and was entitled to innocent spouse relief pursuant to section 6013(e). Respondent's Answer, prepared the end of August, set forth respondent's position that petitioner had not substantiated her status as an innocent spouse. The "substantially justified" standard applied to respondent is a "reasonableness standard," i.e., whether respondent's actions were substantially justified (reasonable) during the relevant time period in light of legal precedents as applied to the factual development *376 of the case. Sher v. Commissioner, 89 T.C. at 84. A taxpayer seeking litigation costs bears the burden of proving entitlement to them. Baker v. Commissioner, supra at 827. To meet this burden, the taxpayer must show that legal precedent does not substantially support the government's position given the facts available to respondent. Coastal Petroleum Refiners, Inc. v. Commissioner, supra; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The substantive issue in petitioner's case was solely related to the question of whether petitioner satisfied the requirements for innocent spouse relief pursuant to section 6013(e). Whether or not a taxpayer qualifies for innocent spouse relief is a factual determination upon which the taxpayer has the burden of proof. Sec. 6013(e)(1)(C); Sec. 6013(e)(1)(D); Rule 142(a). At the time respondent issued the notice of deficiency and subsequently when petitioner filed her petition, respondent had *377 no proof that petitioner was an innocent spouse regarding the 1982 embezzlement income. Whenever there is a factual determination, respondent is not obliged to concede the case until he receives the necessary documentation to prove petitioner's contention. Cf. Currie v. Commissioner, T.C. Memo. 1989-23. Petitioner argues that all the necessary documentation was received by respondent by October 21, 1989, and, therefore, respondent's Answer filed October 25, 1989, was not substantially justified. However, after respondent receives documentation he is given a reasonable period of time in which to analyze the documentation and modify his position according to the information submitted by petitioner. See Sokol v. Commissioner, 92 T.C. 760, 765 n. 10 (1989). Respondent had received all necessary documentation establishing petitioner's status as an innocent spouse by October 21, 1989. Respondent's Answer was prepared two months before this documentation was received *378 even though it was not filed until October 25, 1989. Respondent notified petitioner's attorney on or about November 13, 1989, that respondent would be conceding petitioner's liability. Respondent conceded the case 23 days after receiving the relevant information. We find respondent acted within a reasonable period of time upon the information he received. Petitioner cites our decision in Leewaye v. Commissioner, T.C. Memo. 1988-129, and claims it substantiates petitioner's position that respondent's position was not substantially justified. This argument is without merit. In Leewaye we held that respondent's failure to review the taxpayers' administrative file in a timely manner, prior to drafting the Answer to the taxpayers' petition, caused the taxpayers to incur more attorneys' fees than should have been necessary. We found that the taxpayers were entitled to an award for the litigation costs which were unnecessarily incurred. The Answer in the case at bar was filed on October 25, 1989. The date at which respondent's position was first established for purposes herein was May 16, 1989. On May 16, 1989, respondent did not have sufficient information *379 upon which to determine that petitioner satisfied the requirements as an innocent spouse. Therefore, the relevant issue is whether respondent resolved the case within a reasonable period of time after receiving the necessary information and substantiation. As indicated above, we find that respondent did resolve petitioner's case within a reasonable period of time. In the case at bar District Counsel prepared the Answer the end of August and drafted the Answer in full reliance on the information in the administrative file. Presumably petitioner received a copy of the Answer at that time even though it was not officially filed until October 25, 1989. Thereafter, petitioner provided the necessary information to respondent to prove her status as an innocent spouse. Petitioner has not shown that respondent's Answer caused her to incur any additional attorneys' fees. The fees incurred up through October 21, 1989, were necessary to substantiate her claim for innocent spouse relief. After the Answer was filed October 25, 1989, the invoice for legal services rendered shows only one entry between October 25, 1989, and November 13, 1989, when respondent conceded the case in petitioner's *380 favor. That entry was for twelve minutes ($ 30) on November 1, 1989, for her attorney to, "Prepare correspondence to Ms. Brice re order, motion and answer." Petitioner has not shown that her attorney would not have written her that letter regardless of respondent's position taken in the Answer. Accordingly, we find the position of the United States in this proceeding was substantially justified and petitioner did not incur unnecessary litigation costs due to Respondent's position taken in the Answer. Therefore, we need not decide whether petitioner had a net worth not exceeding 2 million dollars at the time the petition was filed. Pursuant to the above, petitioner's Motion for Litigation Costs will be denied. An appropriate order will be issued. Footnotes
1. This exception provides in relevant part: (f) Exception to requirement that party pursue administrative remedies. A party's administrative remedies within the Internal Revenue Service are considered exhausted for purposes of section 7430 if -- * * * (2) In the case of a petition in the Tax Court -- (i) The party did not receive a preliminary notice of proposed deficiency (30-day letter) prior to the issuance of the statutory notice of deficiency and the failure to receive such notice was not due to actions of the party * * *; and (ii) The party does not refuse to participate in an Appeals office conference while the case is in docketed status.↩
2. See Hursh v. Commissioner, T.C. Memo. 1990-184↩, for an in-depth discussion of these cases.